MELISSA PRESTIGE, administratrix, *vs.* ELIZA A. PENDLETON.

The note in controversy was executed by E. A. P. to S. P., or bearer, administrator of Z. E. P., deceased, and the payee (S. P.) having died, M. P., his administratrix, made and rendered to the probate court a final account of his proceedings as administrator of Z. E. P.; and thereupon the court made a final settlement of his said administration accounts; by virtue of which M. P., his executrix, was authorized and allowed to retain and collect the said note sued on for the use and benefit of the estate of S. P. *Held*, that the settlement was legally made, and the right to sue on the note properly given by the court.

There being no administrator *de bonis non* of Z. E. P.'s estate, the administratrix of S. P. had the right to settle his (S. P.'s) account as administrator of said estate. *Steen* v. *Steen*, 25 Miss. R. 513, cited and confirmed.

The note was but assets of the estate, and the court had the same power under certain circumstances, to allow the appropriation of the note to the just and legal claim of the administrator against the estate, that it had to appropriate money in his hands for that purpose. *Scott* v. *Searles*, 7 S. & M. 498 ; 14 Ib. 94, cited and confirmed.

IN error from the circuit court of Lawrence county; Hon. W. P. Harris, judge.

The opinion of the court, and the points made by counsel, contain a sufficient statement of the case.

*Freeman* and *Dixon*, for appellant.

The second count in the declaration was demurred to, and demurrer sustained. The rule of the court on this demurrer is clearly wrong. The probate court had full authority to settle the administration account, and to determine whether the note in controversy belonged to the estate of Pendleton, or to the estate of Prestige. That court decreed the note to the estate of Prestige, and that decree was binding on all parties interested in the same. *Stubblefield* v. *McRaven*, 5 S. & M. 130 ; *Jones* v. *Coon*, Ib. 751.

The identical settlement set forth in the second count has been reviewed and sustained by this court. See *Pendleton* v. *Prestidge*, 12 S. & M. 302.

The circuit judge, in this very case, gave six instructions, all of which recognized this very doctrine, and declare the title of the plaintiff, under the decree of the probate court, to be a good title, and also that the decree of the probate court was binding on the circuit court.

It was, therefore, clearly erroneous to sustain the demurrer to the second count.

*E. J. Goode*, for appellee.

The only question presented by the record is, whether the second count of plaintiff's declaration alleges facts that give plaintiff title to the note sued on. It is admitted by that count, that the note sued on belonged to the estate of Pendleton, and was taken by his administrators in the course of their administration on his estate. It is true, that at common law it has been decided, that a note taken by an administrator or executor, payable to himself, for property of the estate sold by him, would vest the title to the note in him, and preclude the administrator *de bonis non* from asserting title to the same at law, by reason of its being considered an administration by the first representative. But the decisions of this court have established a different doctrine. Our statute provides for sales of personal property by the administrator, and directs the taking of notes for the same, and the manner of taking, and further directs the administrator to make a return of sales, showing what notes were taken, &c., to the probate court. The notes thus taken are treated as assets in specie in the administrator's hands, and the title to them on his death or removal, devolves on the administrator *de bonis non*, and not on the personal representative of the administrator. 4 How. 237; 1 S. & M. 221; 2 Ib. 687. The law is thus laid down in Lomax on Executors: "That where a note would, if collected, be assets, then upon the death of the administrator, the title devolves on the administrator *de bonis non*." 1 Lomax, Ex'rs, 315, 316, and authorities there cited. Even though it be admitted that Prestige might have sued on this note in his own name in his lifetime, yet he did not do so, and therefore the note was assets in specie of the estate of Pendleton not administered, and not his own per-

sonal property at his death. The title to it consequently devolved on the administrators *de bonis non* of Pendleton.

The question then arises directly, Can the probate court change the title of, or confer title to specific property of an estate, in the manner set out in the second count of plaintiff's declaration? The statute prescribes the only mode in which it can be done by the administrator; but if the probate court could do it immediately in a different way, they could, it seems, direct it to be done by the administrator in a different way from that pointed out by the statute. But in the latter case, its action would be clearly illegal, as the law and not the probate court, provides in whom the title to an intestate's property vests. If the probate court could thus liquidate debts due by an estate, by paying them off with the specific property, other creditors, in case the estate should be afterwards reported insolvent, would be without remedy, as the administrator could not be held liable, and the probate court gives no bond for the administration of estates that may come before it. And our statute expressly provides that debts due by an estate to the administrator stand on the same footings with the claims of other creditors.

*J. F.* and *G. P. Foute,* on the same side.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of assumpsit in the Lawrence circuit court, brought by the plaintiff in error as administratrix of Samuel Prestige, deceased, upon a promissory note made by the defendant in error, payable to Samuel Prestige, administrator of the estate of Zebulon E. Pendleton, deceased or bearer.

The declaration contains three counts, the second of which only is necessary to be considered. That count, after stating the execution of the note by the defendant to Samuel Prestige, administrator of Zebulon E. Pendleton, deceased or bearer, avers that upon the decease of the said Samuel Prestige, (the payee,) the plaintiff, his administratrix, made and rendered to the proper probate court, a final account of his proceedings as administrator of Pendleton, and that thereupon the probate court made a decree of final settlement of said administration

accounts, by virtue of which the plaintiff, as administratrix of Prestige, was authorized and allowed to retain and collect the note sued on, for the use and benefit of the estate of Prestige.

To this count there was a demurrer, which was sustained; and this presents the only question for consideration here.

It is insisted, in support of this judgment, that the note was assets in specie in the hands of Prestige, administrator of Pendleton, and, as such, upon his death, passed to the administrator *de bonis non* of Pendleton. This is true. But the question is, Was it not competent for the administratrix of Prestige, in settling the final account of his administration of Pendleton's estate, to account for that note to the court, and to be authorized by the court to retain and collect it for the benefit of Prestige's estate? We think it clear that such a settlement could have been legally made and such a right given.

There does not appear to have been at that time any administrator *de bonis non* of Pendleton's estate; and under the decision of this court in *Steen* v. *Steen,* 25 Miss. R. 513, the administratrix of Prestige had the right to settle his account as administrator of Pendleton. In making that settlement, she may have accounted and paid to the representatives of Pendleton the full amount of the note; she may have been allowed to retain and appropriate it to the commissions due the administrator, for the full amount or for part of it, the surplus being paid into court; or for advances made by the administrator on account of the estate; or there may, perhaps, be other circumstances, under which the allowance would be justified. The note was but assets of the estate, and the court had the same power under certain circumstances to allow the appropriation of the note to the just and legal claim of the administrator against the estate, that it had to appropriate money in his hands to such a purpose. The reason for the allowance does not appear; but as it was clearly within the power of the court, the presumption is that the power was exercised properly until the contrary be made to appear.

This conclusion is sanctioned by the cases of *Scott* v. *Searles,* 7 S. & M. 498, and *Searles* v. *Scott,* 14 Ib. 94.

The decree of the court, if the facts justified it, being, there-

fore, within the jurisdiction of the court, the right to the note thereby passed to the plaintiff; and the note being payable to bearer, a perfect legal title to it passed to the plaintiff by delivery.

The judgment is reversed, and the cause remanded.