JOHN T. DONALD, Adm'r, *v.* JANE McWHORTER *et al.*

1. ESTATES OF DECEDENTS; FINAL SETTLEMENT, WITHOUT NOTICE REQUIRED BY
STATUTE, VOID.—Final settlement of an estate without the notice or publication
required by the statute is void, unless the parties interested are of full age,
and present by themselves or attorneys waiving citation or publication of notice.
2. *McWhorter* v. *Donald*, January Term, 1861, cited and explained.
3. ACCOUNTS OF EXECUTORS AND ADMINISTRATORS.—It is improper to charge an
administrator or an executor with the hire of slaves not the property of the dece-
dent, and they should be permitted to show by testimony that the slaves were not
the property of the intestate, or anything else tending to establish that they are not
liable to the estate for hire.

ERROR to the Probate Court of Leake county. Hon. P. M.
West, judge.

*W.* and *J. R. Yerger*, for plaintiff in error.

*Raymond Reid*, for defendant in error.

HARRIS, J., delivered the opinion of the Court.

The plaintiff in error filed his final account in the Probate
Court of Leake county for final settlement of the estate of John
Adams, deceased. Numerous points were made and adjudicated
in the court below upon the examination and hearing of said
account, and final judgment was rendered against the adminis-
trator. This writ of error is prosecuted to revise in this court
the proceedings of the court below. The first error assigned is
the refusal of the court to order citations to issue for all parties
interested in the estate of John Adams, deceased, being in the
State, or publication of notice to non-residents, according to
the provisions of article 106, chapter 60, page 451, of the revised
code, no notice or citation having been ever given or issued,
or ordered.

The statute positively requires citation and notice, and the
court should have obeyed its directions, unless it was satisfied
that all parties in interest were of full age and consenting by

themselves, or their attorney duly authorized, to waive such citation or publication of notice.

The second error assigned is the suppression of the depositions of Mrs. M. A. Atkinson and Mrs. E. C. Freilau on the ground that the decision of this court, in the case of *Jane McWorther, appellant,* v. *John S. Donald, administrator,* at the October Term, 1861, precluded all evidence as to the validity and fairness of the accounts they were introduced to prove, and finally concluded the administrator of Adams from establishing their validity.

It is difficult to conceive how such a misconception of that decision could have entered the mind of the judge who presided in this case in the court below.    The record in that case presented the account of Mrs. Donald against the estate of her deceased step-father, for $500, for services rendered her mother and step-father in their last illness.    There was then *no proof whatever* of its validity, and the error complained of was that the Probate Court had allowed this claim without the proof required by the statute.  The record in that case showed no agreement, or understanding, and nothing of the extraordinary care, attention, and service, which were rendered by Mrs. Donald, at the request of Mr. Adams (in his lifetime), and with the express understanding, as now proposed to be proven, that she should be paid for it.    In reference to the absence of all proof of a claim so unusual, the opinion is expressed in strong language; but read in view of the facts contained in that record, there is no principle laid down which ought to have misled the court below as to its duty.

The duty of the court in the allowance of accounts against the estates of decedents, and the rules of proof, are distinctly stated, the errors committed in allowing accounts not probated according to the statute, in this case pointed out, and the court below finally directed to reinvestigate the case.    The decree was reversed for the errors committed, " and cause remanded for a final account and settlement, and other proceedings in accordance with " the opinion then delivered.

Under this direction the court below should have examined

the accounts anew, hearing all proper proof required by the statute, to establish their validity and fairness, or the contrary, and deciding accordingly.

The fourth assignment of error is, that the court below compelled the administrator to charge himself with the hire of John and Ben, refusing to allow him to prove that they were the property of said administrator individually, and did not belong to the estate of said Adams, or to show that he was not rightfully indebted to the estate for their hire.

This was erroneous. If the administrator, by competent evidence, could satisfy the court either that these negroes belonged to him, or that it was understood and agreed between the said administrator and the said Adams in his lifetime, that to him was to be paid for their use, or of anything else tending to show that he was not indebted to the estate of Adams on account of said negroes, it was the duty of the court to hear such evidence and to determine thereon as seemed right.

For these errors, let the decree and judgment below be reversed, the cause remanded for a new hearing, and for a final account and settlement, upon the principles stated in this opinion.