JOHN D. ALLISON, Executor, *v.* JOSEPH ABRAMS *et al.*

40   747
75   533

1. EXECUTORS AND ADMINISTRATORS: FINAL SETTLEMENT WHEN DECREED.—As a general rule, a final settlement of an estate should not be required until the estate has been fully administered by payment of the debts and the collection of the assets.
2. EXECUTORS AND ADMINISTRATORS: FINAL SETTLEMENT WHEN ESTATE NOT FULLY

ADMINISTERED.—The final settlement of an estate will be decreed, when an executor or administrator has rendered himself chargeable with the assets of the estate as cash by his fraud or neglect, or when creditors, distributees, or legatees, agree and offer to receive the assets of the estate in their existing condition.

3. EXECUTORS AND ADMINISTRATORS: DEVASTAVIT: FINAL SETTLEMENT BEFORE DEBTS ARE PAID.—Executors and administrators are liable for a *devastavit*, if they finally settle and make distribution of an estate, without paying the debts duly probated, and those of which they had notice.

4. EXECUTORS AND ADMINISTRATORS: DISTRIBUTION AFTER LAPSE OF TWELVE MONTHS, HOW OBTAINED.—After the expiration of twelve months from the grant of administration, the distributees may compel distribution of any balance of money or other assets in the hands of the administrator, not required for the immediate exigencies of the estate, by the execution of proper refunding bonds.

5. EXECUTORS AND ADMINISTRATORS: FINAL SETTLEMENT: DISTRIBUTION WHEN DEBTS NOT DUE AND LIABILITIES CONTINGENT.—A final settlement will not be decreed, when an estate is owing debts not yet due, and there are contingent liabilities hanging over it. In such a case, a distribution will be ordered upon the execution of proper refunding bonds by the distributees.

APPEAL from the Probate Court of Monroe county. Hon. Newton J. Beckett, judge.

*Houston* and *Reynolds*, for appellant.

*Sale* and *Phelan*, for appellees.

ELLETT, J., delivered the opinion of the court.

The appellant was qualified as executor of the decedent in September, 1854. At the February Term, 1858, of the Probate Court, the appellees filed a petition praying that the appellant be cited to appear and show cause why a final settlement of the estate should not be made. At the next term the appellant filed his answer to the petition, alleging that he was not ready to make a final settlement, for the reason that certain debts probated and registered against the estate, one of which was not then due, and another of which was a liability as surety for a third person, had not been paid ; and that the debts due to him as executor had not, to a considerable amount, been collected. At the same term the cause was heard upon petition and answer, and the court ordered the appellant to file his final account at the following term.

At the April Term, 1858, the final account was filed in pursuance of the order, accompanied by a written protest of the executor, on the grounds previously stated in his answer to the petition.

At September Term, 1859, against the renewed objections of the appellant, the final account was passed, precisely as made out by him, and a final decree entered against him in favor of each of the legatees for their several shares of the balance in his hands, and on payment thereof the executor was ordered to be fully and finally discharged.

From this decree the appeal is taken, and the question presented is, whether, under the circumstances, the court ought to have required the settlement of a final account.

We are of opinion, on the construction of articles 106, 108, and 118 of the chapter of the Rev. Code, in relation to probate courts, that as a general rule it is erroneous to require the executor or administrator to make a final settlement of the administration when the estate has not been fully adminstered, by payment of the debts, and the collection of the money due the estate. To do so would only be to make it necessary to appoint an administrator *de bonis non*, and to open a new administration ; for the debts due the estate could generally only be collected by a proper representative, and it would be a *devastavit* for an executor or administrator to settle a final account, and make distribution of an estate, without paying the debts duly probated, and of which he had notice.

It would, of course, be competent for an executor or administrator to assign and transfer to creditors, distributees, or legatees, the evidences of debt due to the testator or intestate, or to the representative as such ; and where the parties seeking a final settlement agree and offer to receive the assets of the estate in their existing condition, they might thereby entitle themselves to a final settlement, provided the debts had been paid, and the rights of other parties would suffer no prejudice thereby. Nor do we mean to say that it would not be proper, in any case, to charge the executor or administrator with the uncollected assets of an estate as cash, and to hold him liable, as

though he had collected them. We only mean to lay down a general rule applicable to cases where no fraud or neglect is charged, to make the representative personally responsible.

Where the administration is protracted beyond the period of twelve months, the legatees and distributees are not without remedy. The law does not allow the representative of the estate to retain the money or other assets in his hands, against the will of the legatees or distributees, to await the maturing of debts not due, or the establishment of contingent liabilities. After the expiration of twelve months, such persons may petition the court for distribution, or for the payment of their legacies; and where there is a balance of money, or other assets on hand, not required for the immediate exigencies of the estate, or for the payment of undisputed debts properly probated and allowed, it would generally be the duty of the court, under article 118 of the Probate Court Law, to order the payment of the legacies, or the distribution of the estate in hand, on the execution of the proper refunding bonds by the legatees or distributees. This provision affords full protection to the parties interested against unreasonable delays in the settlement of estates, and furnishes ample security to creditors whose debts may afterwards become chargeable on the estate.

In the view we take of the question, the decree passing the final account must be reversed, and the petition of the appellees dismissed.