## Thomas C. Pollock, Admr., v. Robt. W. Buie et. al.

1. Waiver of Notice.—It is competent for the parties in interest to a suit in the probate court to waive notice, by citation or publication, and to consent to a hearing of the case on final settlement.

2. Recitals in a Decree.—Where the decree on final settlement recites that all the devisees and legatees were of full age, and had due notice of the proceedings, and waived citation, it is held to be sufficient notice to give jurisdiction, and sustain the decree.

3. Minor—Guardian ad Litem.—Where a minor has been served with citation, and a guardian *ad litem* appointed for him, it is competent for such guardian to waive notice of citation, and consent to hearing.

4. Jurisdiction.—The court of probate, as to its jurisdiction under the law, is a court of original and general jurisdiction, and every presumption is to be indulged in favor of the correctness of the facts appearing of record, and on which its decrees are founded.

5. Presumptions in Support of Judgments.—The law presumes that the judgment of courts of general jurisdiction are founded upon sufficient evidence, and they cannot be collaterally impeached.

6. Final Settlement—Discharge.—While there are valid and subsisting debts against an estate, the executor or administrator cannot be legally discharged from the trust of his administration, except by death, resignation or removal.

7. Same.—Though a decree may have been made finally discharging an executor or administrator, yet the estate is not fully administered so long as there remains any debt, to the payment of which the estate is liable. To hold the estate still liable, notwithstanding such settlement and decree, subserves the ends of justice, and is in strict accordance with the spirit and policy of the law.

8. Creditors—Parties.—Creditors, not being parties or privies to the proceedings, are not bound by a decree of the probate court upon the final settlement of a solvent estate. But a person whose claim is barred by the lapse of time cannot be regarded as a creditor of the estate.

9. When Decree of Final Settlement No Bar to Further Proceedings.—The decree of the probate court finally discharging an executor or administrator, cannot be pleaded in bar to an action founded on a claim not barred by the two years limitation; and the property administered and distributed will still be liable in satisfaction of a judgment based upon such claim.

10. Trusts and Trustees—General Principle.—The office of trustee ceases only with the final execution of the trust.

Error to the circuit court of Copiah court.　McNair, J.

The plaintiff in error assigned the following errors:

1st. The court below erred in sustaining the motion for a new trial, and in setting aside the verdict of the jury.

2d. The court erred in granting the instructions asked for by the defendants in error at the trial before the jury at the April term, A. D. 1868, thereby misleading the jury as to the law of the case.

3d. The court below erred in overruling the motion for a new trial at the April term, A. D. 1868, and in giving judgment on the verdict of the jury then rendered in favor of said defendant in error.

*Stone & Morehead*, for plaintiff in error,

Insisted that on the trial of this cause in the court below, April term, 1867, the paper purporting to be a final decree of the probate court, and the waivers of notice, the final account, etc., were properly excluded from the jury on the ground,

1st. That the decree was void for want of service of process. There was no evidence to prove the pretended waivers of service. Miss. R., 39; Overstreet v. Davis, 24 Miss., 393; Ridley v. Ridley, 24 Miss., 648; Steen v. Steen, 1 How., 61; and a recital in the decree that process was served is not sufficient. 29 Miss., 139, Jones et al. v. Perkins et al.

2nd. The decree does not show or recite that the female parties had notice, and is void as to them, and hence was void as to all, a judgment being a joint thing. Pitman & Gwinn v. P. Bank, 1 How. 527; 29 Miss., 138.

3rd. The decree does not pretend that the executors were discharged because they had fully administered by payment of all debts, etc., but only that they had distributed the estate on payment of legacies.

4th. The probate court has no power to discharge an administrator or executor until they have fully and finally administered. Rev. Code, 451, art. 106, which says, " fully administered by payment of all the debts." Henderson v. Winchester, 31 Miss., 293 ; and a decree on an account purporting to be a final settlement, will be a discharge from the trust so far only as such account shows the trust to have been administered, and no further. 31 Miss., 294, Henderson v. Winchester; Williams on Executors, 209, 1777–8; 12 S. & M., 106. And there is nothing to show that this debt had been paid. It was in a state of continuous presentation to the executors, being a statutory mortgage debt. 2 S. & M., 698–9; Miller v. Helm et. al., 40 Miss., 236–7 ; Perry v. West, admr., 6 S. &

M., 160–1–2. Besides it must appear affirmatively that the administrator or executor *advertised*, before proof of presentation can be required. 2 S. & M., 696–7. We therefore insist on a judgment upon the first verdict.

But the most important question is, can the probate court discharge an executor from his *trusts* otherwise than as prescribed by statute, *before the trust is finished?* If it could it could completely destroy the trust. The presentation of an account for settlement, as a *final* account, which was not such in fact, would be good as a settlement only so far as it *really* extended. The recital of it in the decree as a *final* account, would not constitute it such. 2 S. & M., 698–999; 6 S. & M., 662.

The third instruction for the defendant, that the recitals in the decree are conclusive evidence of the facts so recited, and must be taken by the jury as true, is clearly erroneous. Jones et al. v. Perkins et al., 29 Miss., 139; 4 Howard, 572; Carmichael v. Bank of Pennsylvania, 7 Peters, 289. If process should be returned " not found," and the decree should recite that due and proper notice had been given, etc., still it would be clearly *void* for want of notice. It is not the province of the court to serve process, but to determine the facts which constitute good service. The first instruction for the defendants we think equally wrong. It is based upon the same idea that the decree of the probate court is sufficient to discharge the executor; but the true principle is that if the trust is in fact fully administered, the defense is complete without the decree of the probate court in discharge.

In the record there is no evidence that defendants had made publication of notice to creditors, and it should appear affirmatively that they had done so. 2 S. & M., 697.

The second instruction for the defendant could not but mislead the jury. The idea of a judgment against executors after the trust is fully settled, is very like an absurdity; for if finally settled, there could be nothing to render a judgment against them for.

*W. P. Harris,* on the same side.

The decree in this case recites that, "the legacies having been paid," the said executors are hereby acquitted and discharged as such, meaning "that they stand acquitted on the account rendered, and discharged from further account on the matters therein." The question arising in the case thus presented, are of great practical importance : First, the effect of a final settlement in form, upon the office and functions of the executor, and upon creditors whose claims are unpaid; second, the effect of recitals in a decree, dispensing with requisite steps to give jurisdiction over the parties.

The plea denies that defendants are executors—admits that they were, but shows that having settled the administration of the estate, they have ceased to be such, and were finally discharged. This plea the plaintiff controverts, asserting that they are still executors, and have not administered, etc. The plea admits the debt; 2 Williams' Executors, 758, and also their executorship, and it was for them to show how they had ceased to be such. The office is for life. 1 Williams Exrs. p.——, and can only be terminated by death, removal, or resignation. Muirhead v. Muirhead, 6 S. & M., 451; Rev. Code, 439, art., 67. There had been no removal or resignation. They relied on the effect of the settlement of the account on notice to the legatees. In Anderson v. Tindall, 26 Miss., 332, it is held that a final settlement and decree of distribution terminate accountability to the court in the matters therein presented and adjudicated, but that the administrator is still liable at the suit of creditors on the discovery of other assets. Winchester v. Henderson, 31 Miss., 290.

On the plea of *plene administravit*, which is not the plea here, see 2 Williams' Executors; 1767–8. As to the plea of *plene administravit* in this state, see Hill v. Robinson, 2 S. & M., 544. In a proceeding on the bond after judgment, this plea is common. Judy v. Kelly, 2 Ill., 211; 2 Williams Executors, 1780; Greenl. Ev. § 337. As to the jurisdiction and power of the probate court over creditors, see Thornton v. Glover, 25 Miss., 132. The probate court cannot compel an executor to *pay* a debt; it cannot discharge him from the

debt, nor make any binding decree creating any bar to a creditor's suit. Cooper v. Cannon, 39 Miss., 784; Randolph v. Singleton, 2 S. & M., 439.

In cases, however, where it is not a *removal* or *resignation*, but a final settlement of the administration, purporting to be the winding up of the whole estate, and no succession contemplated, (as it is described in art. 106, Rev. Code, 451), creditors with suits pending or suits to bring, may prosecute them against the executor, notwithstanding his final settlement *in form*, because no successor is contemplated; besides, a *final settlement* of a solvent estate, without paying the debts, *is a contradiction in terms* under our law. To insure the presentation of claims, in due time, the executor must give notice. Rev. Code, 443, arts. 80, 81. If not presented within the two years, they shall be forever barred. Creditors are not made parties to a final settlement, because such settlement cannot be legally made *until* their debts are either paid or barred by lapse of the two years. The probate court can only discharge an executor from his trust, in cases of resignation or removal, when it must appoint a successor, and that discharge does not exempt him from liability for *devastavit*. Henderson v. Winchester, 31 Miss., 290.

This is a precise and accurate statement of the law as it stands, and the result is that the decree approving a final account and discharging the executor, does not create a bar to creditors. Short v. Johnson, 25 Ill., 489; Willard Exr., 454. The doctrine of Ellett, J., in Allison v. Abrams, 40 Miss., that the compulsory settlement would amount to a removal of an executor before he had executed his trust, is simply absurd. This *dictum*, like many others of that accomplished judge, must be taken *cum grano salis*.

There can be no *administration de bonis non*, except in the cases provided by law, to-wit: the death, removal, or resignation of the executor or administrator. Rev. Code, 439, arts. 65–67; Gasque v. Moody, 12 S. & M., 153. It is not the office of the decree to recite the steps that ought to have preceded it, and which, if they took place, ought to become

part of the record. These are of equal dignity with the decree, as matters of evidence. Recitals of facts which do not appear in the record, are only evidence *prima facie* or conclusive, when the *fact* is matter *in pais*. Cannon v. Cooper, 39 Miss., 784; Saffarrans v. Terry, 12 S. & M., 690; Monk v. Horne, 38 Miss., 100; Herndon v. Treadwell, 41 Miss., 38. See also, Baker & Bradford v. Sheppard—[not yet reported]. The case of Donald v. McWherter, 40 Miss., 231, is relied on by defendant's counsel. It asserts that citation must issue unless it is waived by the parties or their attorneys. It may be waived by appearance or plea. The case of Hemphill v. Hemphill, 24 Miss., 68, contains a written waiver stronger in its terms than the one here, but it was held not to give the court jurisdiction. The case of Byrne, Vance & Co. v. Jeffries, 38 Miss., 533, is said to overrule that in the 24th. But the court say that they do not intend to disturb that opinion. But so far as that opinion held that there can be no *appearance* except in open court, they do overrule it, deciding that an appearance may be entered before the clerk. This is sanctioned by the practice. In this case, there was no appearance, either in court or out of it. The paper was signed in vacation by married women, and brought by the executor to the judge, who thereupon decreed in the executor's favor. There was no proof of publication to creditors, and the time for presentation had not elapsed. This failure to give . notice, dispenses with the necessity of presentation. Dowell v. Webb, 2 S. & M., 455.

*Benj. King*, for the defendant in error.

The plaintiff in error relies for a reversal of the judgment mainly upon these two points, which involve all the points made:

1st. The final decree was void for want of notice. The recital in the decree of notice and waiver is not sufficient.

2nd. The probate court had no power to discharge the executors until they have fully administered by paying all the debts.

1st. I freely admit that a final decree without notice, or appearance, or waiver of notice, is void, and may be attacked collaterally ; but I insist that in this case there was notice, as well as waiver of notice.  The court of probate in its final decree recites both of these facts.  In a proceeding of final settlement, the jurisdiction of the probate court is *original* and *general*.  Root v. McFerrin, 37 Miss., pp. 47–8–9.  Every presumption is to be indulged 'as to the correctness of the facts recited by the court in a case where it has *original* and *general* jurisdiction.  Hardy v. Gholson, 26 Miss., pp. 72–3 ; Donald v. McWherter, 40 Miss., pp. 231–2.  Now in this case the decree shows that all the parties in interest were of full age, and waived, except Dorothy V. McCall, who was a minor, and upon whom citation was duly served.  It cannot be supposed that it was required of the probate court to set out the evidence that did satisfy its mind.  Cannon v. Cooper, 39 Miss., 794.  But it is said that the decree does not recite that the husbands of the *femes covert* had been cited or waived, and that a married woman cannot waive, and therefore there was no notice as to the married women, and a decree being an entirety, is void as to all.  A sensible construction should be given to the words of the final decree, and this court should construe the recital in the final decree " that all of said legatees and devisees have had due and legal notice,   * * . and have waived citation," to mean that the husbands as well as the wives had notice, and had waived citation, etc. See Frisby v. Harrison, 30 Miss., 456–7; Hardy v. Gholson, 26 Miss., 72; Rev. Code, 338, art. 32.  Now, if the husband in the one case is the only necessary party, because he can receive alone, it seems that in a case where the wife can receive alone, it is not absolutely necessary for her husband to be made a party.

The third instruction granted for the defendants, and which is particularly complained of by the plaintiff, was asked upon the authority of, and is in strict accordance with the cases of Hardy v. Gholson, 26 Miss., 72, and Frisby v. Harrison, 30 Miss., 452.

The first and second instructions granted the defendants, are sustained by well settled authorities. Buckingham v. Owen, 6 S. & M., 502; Allison v. Abrams, 40 Miss., 748; 2d. That the probate court had no power to pass the final account of the defendants and discharge them as executors, and to sustain this position, the plaintiff cites Henderson v. Winchester, 31 Miss., 293–4; 2 Williams' Executors, 1777–78. These authorities do not sustain the position assumed. The case of Henderson v. Winchester, was decided against Winchester upon the ground that he was estopped from denying that his intestate, Jenkins, was administrator, after he had carried on a protracted litigation as administrator, and that Jenkins, the administrator of Carmichael, was liable for the specific property not accounted for by him in his final account. The plaintiff in error insists that we had notice of their debt before final settlement, because they say their debt carried with it a statutory mortgage. A final account of an executor or administrator, allowed by the probate court, cannot be set aside except upon writ of error, or for fraud in a direct proceeding in equity. Smith v. Hurd, 7 How. Miss., 188; Frisby v. Harrison, 30 Miss., 456; Jones v. Irvine, 23 Miss., 364–5.

*H. B. Mayes,* on the same side,

Contended 1st. That there is no sufficient evidence appearing in the record to authorize this court to pronounce the decree of the probate court void or voidable. 2d. That the probate court has, by the statute, power to discharge an executor from the duties and obligations of his trust, before the estate is fully administered by payment of debts and final distribution of the estate.

The probate court, in rendering this decree, was acting within the limits of its ordinary jurisdiction, and every presumption must be indulged in favor of the regularity of its proceedings, and the validity of its decree. 38 Miss., 100; 31 Miss., 578; Conner v. Cooper, 39 Miss., 789; 26 Miss., 362; ib., 70; 23 Miss., 483; 25 Miss., 469. As to the second proposition, the Revised Code provides that "when the estate

is fully administered, etc.,   *   *   *   it shall be the duty of the executor, etc., to make a final settlement of the administration," etc.   Rev. Code, 457, art. 106; art. 67, p. 439, provides for the removal of executors, etc., for cause, and says : "But every executor or administrator who may be removed, or who may surrender his trust, shall continue to be answerable to the jurisdiction of the court, until his final settlement and satisfaction shall be made, and until that time, shall be liable upon his bond." Henderson v. Henderson, 31 Miss., 295.   Plaintiffs insist that this settlement is to be made under art. 106, p. 451, Rev. Code.   For the defendants, we insist that it is to be made in accordance with art. 67, p. 439.

We are driven to look to the final decree of the probate court to explain itself, and to determine the nature and character of the settlement of the executors, whether partial, as contended by the plaintiff under art. 106, p. 451, Rev. Code, or final, as contended by the defendant's counsel, under art. 67, p. 439.   There is nothing in the whole record to show whether these executors were removed for cause, or surrendered their trust.   If removed for cause, or permitted to surrender, "from the nature of these acts, they necessarily put an end to the capacity of the executor to act for the estate." 31 Miss., 295.   It is made certain by the decree, the only evidence supplied by the record, that these executors were fully acquitted and discharged as such.   We do not contend that the claim of the plaintiffs is barred.   We simply contend that the executors had settled their administration, and were finally discharged before the commencement of the suit.

The probate court has no power to discharge an executor as on final settlement, until the estate has been fully administered by payment of all debts due by, and the collection of those due to, the estate.   But it has power to remove, for cause, or the executor may surrender the trust, but he shall be answerable to the jurisdiction of the court until his final settlement.   That there has been a surrender, or that the probate court has exercised its power of removal, is manifest by looking at such evidence as the record supplies; and in the

absence of evidence to the contrary, this court will uphold the validity of the decree of the probate court, discharging these executors; and if the discharge was before final settlement, and under art. 67, p. 439, Rev. Code, it necessarily terminated their capacity to act for the estate, and the plaintiffs could not sue them as the personal representatives of the estate of Neill Buie, deceased. Winchester v. Henderson, 31 Miss., 295; 38 Miss., 100; 31 Miss., 578; 39 Miss., 789; Dyson v. The State, 26 Miss., 362; ib., 70; 23 Miss., 483; 25 Miss., 469.

The executors plead that they are not executors, that having been so, they have fully administered and been finally discharged, before the commencement of this action. If this plea was bad in form, it was good in substance, and the case was tried on the merits of that plea. The plea was fully sustained by the evidence showing a final settlement of their accounts, and a discharge as executors. We think this court will find no error in the instructions for the defendants, when taken with reference to the facts. And the instructions asked for by the plaintiffs, tested in like manner, were correctly refused.

Peyton, C. J.:

Thomas C. Pollock as surviving administrator of the estate of James L. Calcote, deceased, instituted suit in the circuit court of Copiah county, against Robert W. Buie and Alexander M. Buie, as executors of the last will and testament of Neill Buie, deceased, and B. Pendleton, on a writing obligatory for $1,505, executed by said Neill Buie, deceased, and B. Pendleton, on the 7th day of February, 1859, and payable to Stephen Odell and Thomas C. Pollock as administrators of the estate of the said James L. Calcote, on the 15th day of December next thereafter.

At the October term of said court, 1866, the defendants Robert W. Buie and Alexander M. Buie, appeared and pleaded that they were not executors of the said Neill Buie, deceased, having settled the administration of said estate and been finally discharged by the probate court as executors of said

deceased, before the commencement of this suit. Upon this plea an issue of fact was joined. And at the April term, 1867, a judgment by default was taken against the defendant, B. Pendleton, and upon the issue joined upon the plea of the other defendants, the case was submitted to a jury, who found for the plaintiff his debt and damages, whereupon the defendants Buie moved the court for a new trial on the grounds that the verdict was contrary to law and evidence, and that the court erred in excluding from the jury the evidence offered by the said defendants. The motion was sustained and a new trial granted the defendants, and to this ruling of the court the plaintiff excepted.

At the April term, 1868, the said defendants, Buie, by leave of the court, filed an additional plea of payment upon which issue was joined, and the cause again submitted to a jury, who found a verdict for the defendants, Buie. The plaintiff then moved the court for a new trial, which motion was overruled by the court, and judgment rendered against the plaintiff for costs of suit. To the action of the court in overruling the motion for a new trial, the plaintiff filed his bill of exceptions, and prosecutes here this writ of error.

The record in this case presents two important questions for our decision: 1st. Was the decree of the probate court on what purported to be a final settlement of the account of the executors of the last will and testament of Neill Buie, deceased, void for want of notice to the parties interested? 2d. And if said decree was not void, did it constitute a bar to the plaintiff's action against said executors?

With respect to the first question, the record shows a waiver of notice by citation, and consent that the account of said executors may pass to a final hearing on the part of all the legatees and devisees of the testator, except Dorothy V. McCall, upon whom citation had been executed by the sheriff on the 18th day of September, A. D. 1865. And the decree recites that all the legatees and devisees had due and legal notice of the pendency of the account, and waived citation, and that all the said legatees and devisees were of

full and lawful age, except Dorothy V. McCall, who was a minor without a legal guardian, for whom the court appointed a guardian, *ad litem*, who being in court, accepted the trust and waived notice and citation, and consented that the said account might then be examined and audited. We think upon principle and authority, these waivers in the record, and recitals in the decree, are sufficient evidence of notice to the parties interested of the pendency of the account, and of the time and place of the final settlement thereof, to sustain the decree made by the court on said settlement. For it has been repeatedly determined by our predecessors that the court of probates, as to the jurisdiction conferred by the constitution is a court of original and general jurisdiction, and that every presumption is to be indulged in favor of the correctness of the facts on which its decree is founded, and which appear of record. Root v. McFerrin, 37 Miss., 17; Hardy v. Gholson, 26 Miss., 70; and Duncan v. McWherter, 40 Miss., 231. The evidence upon which the orders and judgments of courts of general jurisdiction are founded is not necessarily a part of the record, nor required to be shown by it. The presumption of law is that such judgments are founded upon proper and sufficient evidence and cannot be collaterally impeached, however insufficient the evidence may have been in fact. Cason v. Cason, 31 Miss., 578, and Cannon v. Cooper, 39 Miss., 784–789.

This brings us to the second and most important question in the cause: " If the decree be valid, did it constitute a bar to the plaintiff's action against the said executors?" The solution of this question involves the consideration of the power of the court of probates to discharge an executor or administrator from the further execution of his trusts upon what purports to be a final settlement of his administration account, and of the effect of such a decree as to the right of creditors of the decedent.

In the case at bar, the decree of the probate court, upon which the executors rely as a defense to this action, was rendered on the 3rd day of October, 1865, and this suit was

commenced against said executors and Pendleton on the 20th day of September, 1866. The first plea of the defendant Buie is not properly a plea of *ne unques* executors, as it admits that they were once executors, but it avers that they were not liable at the commencement of this action, to be sued as executors, having been previously discharged from the further execution of the trusts of the will by the said decree of the probate court, the language of which is, " that the said account appearing to the satisfaction of the court, to be just, correct, and properly vouched for and sustained by proofs, it is ordered and adjudged by the court that the same be in all things allowed, and that the said account be recorded. And it appearing to the satisfaction of the court that the said executors have fully paid and discharged all the legacies bequeathed by the said will, it is thereupon considered by the court that the said executors be fully acquitted and discharged as such." In order to ascertain the extent and legal effect of this decree, it becomes necessary to examine the various provisions of the statute in relation to the administration of estates of decedents, by executors and administrators, and to the powers and duties of the probate court in the course of such administration.

Article 81 of the Revised Code of 1857, page 443, provides that it shall be the duty of every executor and administrator to proceed to pay the debts as speedily as may be, out of the assets which may come to his hands, if the estate be solvent; and in order that its true condition may be speedily known, it shall be the duty of the executor or administrator, within two months after the grant of his letters, to publish in some newspaper printed in the county, or in some adjacent county, a notice requesting all persons having claims against the estate of his testator or intestate, to exhibit the same and have them registered in the mannner and within the time prescribed by law, or they will be forever barred; which notice shall state the time when letters were granted, and shall be published for six consecutive weeks, or longer, if the court should so direct. And the statute further requires that

all claims against the estate of a deceased person, whether due or not, shall be registered in the court in which the letters testamentary or of administration were granted, within two years after the first publication of notice to creditors to present their claims, as required by the said 81st article, or the claim shall be barred, and no suit or action shall be sustained thereon, either at law or in equity. Rev. Code, 444, article 83. The record in this case contains no evidence of the time when the letters testamentary were granted to the executors or of any notice having ever been given as required by law, to creditors to exhibit and register their claims against the estate of their testator. It does not appear, therefore, that the claim sued on in this action is barred by this statute, nor is it barred, as the evidence shows, by the general statute of limitations.

An executor or administrator takes the estate of the deceased in trust, first for the benefit of creditors, and then for the legatees or distributees, and no estate can properly be said to be fully administered, so long as there remain debts of the estate to the payment and satisfaction of which the estate is liable. And hence the law provides that when the estate has been fully administered by payment of the debts, and the collection of all the money due, it shall be the duty of the executor or administrator to make a final settlement of the administration by making out and presenting to the court under oath, his final account. Rev. Code 451, art., 106. And if all process be returned duly executed, or the parties interested have been legally and properly notified of pendency of the account and of the time and place of settlement, the court may at the time appointed, proceed to examine the final account so filed, and to hear the proofs in support of it, and the objections and proofs against it. And if the court shall, after full investigation, be satisfied that it is just and true, it shall proceed to make a final decree of approval and allowance, ratifying and confirming the administration, and shall at the same time, order the executor or administrator to make immediate distribution of all property

in his hands. Rev. Code 451, art., 107. When is it that an executor or administrator may make a full settlement of the administration? The statute answers, when the estate has been fully administered by the payment of all the debts. When is it, that upon final settlement, the court shall order the executor or administrator to make immediate distribution of all the property in his hands? The answer is, when the estate has been fully administered by the payment of all the debts. It is not to be presumed that whilst the claims of creditors, the primary objects of the trust, remain unsatisfied, the court would order an immediate distribution of all the property in the representative's hands among the secondary objects of the trust, the legatees and distributees. It is not in the power of the court to discharge an executor or administrator until the trusts are fully executed, except in the case of removal or resignation, when *administration de bonis non* shall be granted as in case of the death of the executor or administrator, and with like effect on all the proceedings by or against the executor or administrator. Rev. Code, 439, art. 67.

It is insisted by the counsel for the defendants, Buie, in error, that the settlement was made under the said 67th article of the Code, and was not a final settlement of the estate, but was a final settlement of the executorship of these defendants, and a resignation of their trust by the consent of the court, and that from the nature of this act, the decree necessarily put an end to their capacity to act for the estate, and that after this decree and final settlement, they were discharged from the trust and only liable to be sued on their bond, for such *devastavit* as they may have committed during their term of office. This argument is more ingenious than sound. The decree itself purports to be a final settlement of the whole estate. It states that it appearing to the satisfaction of the court that legacies were all fully paid and discharged, and that there was found due to the said executors upon the settlement, the sum of $2,726 03, and the court thereupon discharged the executors, and decreed that the

legatees pay them the amount thus found due therein.   The entire account and decree clearly indicated that the settlement was designed and intended to complete the administration, and wind up the whole business of the estate, and was not as contended by counsel, a mere resignation of the trust, leaving the administration unfinished and a part of the estate unadministered.   The account covered the whole estate, and upon the settlement, there appears to have been no portion of the estate left unadministered ; we are, therefore, impelled to the conclusion that the settlement was not intended to be a mere surrender of an unfinished trust, but a full and complete administration of the entire estate under article 106 of the Rev. Code, 451.   And it was, therefore, not a case in which a grant of administration *de bonis non* was authorized by law.   For it is only in a case where an executor or administrator shall die, resign, or be removed before a final settlement of the estate, that letters of administration *de bonis* can properly be granted.   Rev. Code, 439, art. 65.

If, in the course of administration, any portion of the estate is ordered to be distributed, the interests of creditors are secured by requiring the distributees to give refunding bonds to meet the debts and liabilities of the estate.   But this is never done upon a final settlement of an estate, for the reason that the debts are presumed to have been paid.

From this view of the law, it will clearly appear, that while there are valid and subsisting debts against the estate, the executor or administrator cannot be legally discharged from the trust of his administration, except by death, resignation, or removal ; and upon the happening of either of these events, it is provided that administration *de bonis non* shall be granted.   This keeps the doors to the estate open, so that the creditors may have an opportunity to collect their claims against it.   But if, as is insisted, the settlement of an estate, purporting to be final, precluded existing creditors from instituting suits against the executor or administrator for the collection of valid and subsisting claims against the estate, great wrong and injustice would be the result, and the pri-

mary purpose, object, and policy of the law, in granting administration upon estates of decedents, would be defeated. To hold the estate liable, notwithstanding such settlement, would, in our opinion, accord with the spirit and policy of the law, and subserve the ends of justice, and it would constitute no hardship upon the executor or administrator, as by a faithful discharge of his duties, he would have it in his power to wind up and completely finish the administration of a solvent estate, within a reasonable time, by giving the proper notice to creditors to present their claims within the time prescribed by the law, and all claims against the estate, of which he had no notice, within the time limited by the law, after publication of such notice, would be barred, and could no longer be regarded as valid and subsisting debts against the estate. And the law thus being complied with, the executor or administrator, after paying all the debts of which he had any knowledge within the time limited by the statute, could safely make a final settlement of the estate, and a distribution thereof among the legatees or distributees. But to hold that a settlement, purporting to be a final settlement of an estate, made without a compliance with the requisitions of the law, would be conclusive upon creditors—would put them completely at the mercy of the executor and administrator and the legatees and distributees.

The creditors are not bound by a decree of the probate court upon the settlement of the administration of a solvent estate, for the reason that they are not parties or privies to it. Thornton v. Glover, 25 Miss., 134. For there is no principle better settled than that no person is bound by a judgment or decree to which he is not a party or privy, unless it be a decree or judgment *in rem.* But no person can properly be regarded as a creditor of an estate whose debt has been barred, and who has not a valid and subsisting claim against it.

The decree of the probate court was no bar to the plaintiff's right of action against the executors, and in case of recovery the property administered and distributed would still be liable to be taken in execution for the satisfaction of

the judgment.   For it is a well established principle that the office of a trustee ceases only with the final execution of his trust.   In the case of Henderson v. Winchester, 31 Miss., 295, the court say: "Our statutes provide that an administrator may be removed by the court for cause, and that he may resign his trust by the consent of the court.   From the nature of these acts they necessarily put an end to his capacity to act for the estate.   But the probate court has no power to discharge him from his trust upon the mere settlement of a final account, and without distribution."   The decree for distribution upon the final settlement in this case, was evidently founded on the presumption that all the existing debts against the estate had been fully paid and satisfied. In the case of Thornton v. Glover, above referred to, the court say: "The probate court has nothing to do with the settlement of debts, except in the case of insolvent estates," and in speaking of the rights of legatees and distributees, the court further say: "These several parties, however, have none but contingent rights till the *debts* of the estate shall have been paid."   It is for this reason that a settlement must first be had in the probate court to determine the amount of the estate to be distributed, and this cannot be done till the claims of creditors, which are superior to those of legatees or distributees, have been paid.   This is an authority in support of the position that no settlement and distribution of an estate can bar or preclude the creditors from pursuing the personal representatives and subjecting the property of the estate to the payment of their claims.

Upon the whole, we have arrived at the conclusion that the settlement of the executor's account in the probate court, though valid as to the parties to it, is not a bar to the plaintiff's action in this case.   And for that reason the judgment must be reversed, the verdict set aside, and the cause remanded for a new trial, upon which the plaintiff's action will be subject to all the defenses arising from the statutes of limitation, payment or otherwise, to which any executor

or administrator would be entitled when sued by a creditor in the course of administration.

Judgment reversed, the cause remanded, and a *venire de novo* awarded.