R. W. Buie et al. *v.* T. C. Pollock, executor, etc.

Estates of Decedents. *Assets. Land purchased with note of decedent after note accounted for in full.*

Executors may make their own, a note in their hands due to their testator, by charging themselves in final settlement with the full amount thereof, as so much money in their hands; and if afterwards they recover judgment on said note for their individual use, and, on return of *nulla bona*, proceed in chancery, and obtain a decree subjecting to the judgment lands fraudulently conveyed by the judgment debtor, which are sold, and purchased by a credit on the decree, a judgment creditor of the estate of the testator, whose claim was against the testator when alive, and who has an execution returned *nulla bona*, cannot maintain a bill to subject said land to his judgment on the ground that it is a trust fund in the hands of the purchasers.

Appeal from the Chancery Court of Copiah County.

Hon. E. G. Peyton, Jr., Chancellor.

The executors of Buie had in their hands a note of T. Smith, E. Smith, and I. East, payable to their testator, which came to their hands as executors. In a final settlement made by them, as executors, with the Probate Court, they charged themselves with the full sum due by said note as so much money in their hands. Subsequently they recovered judgment on this note for their individual use, and, upon return of execution with *nulla bona* indorsed upon it, proceeded in chancery, and obtained a decree subjecting to said judgment lands which had been conveyed by one of said judgment debtors in fraud of said judgment. These lands were sold under said decree, and were purchased therewith, all bids being paid by a credit on the decree. Upon this state of facts, the appellee, who had a judgment against the said executors of Buie on a debt he owed in his lifetime, and a return of *nulla bona*, exhibited his bill to subject these lands, in the hands of the purchasers, to the payment of said judgment, on the ground that the land, being the fruit of the litigation on the note, which had belonged to said Buie, deceased, was subject to his judgment as a trust fund.

*Sessions & Cassedy*, for the appellants.

1. The executors had the right to retain the note made by the Smiths and East, having accounted for it in their final settlement with the court. *Prestige* v. *Pendleton*, 28 Miss. 379; *Fort* v. *Battle*, 13 S. & M. 133; *Austin* v. *Lamar*, 23 Miss. 189; *Harper* v. *Archer*, 9 S. & M. 71.

2. Where an executor recovers judgment on a note due to his testator, and has land sold to satisfy it, the purchaser of the land who has paid his bid and received a deed does not hold it subject to the equity of a creditor of the estate, whom the executor has failed to pay. No fraud is charged. Nor was the note bound for the payment of a *specific debt.* 2 Story Eq. Jur. §§ 1127, 1127 *a*, and notes; Acts 1875, p. 160. The executors had a clear right to assign it. *Owen* v. *Moody*, 29 Miss. 79; *Miller* v. *Helm*, 2 S. & M. 687; *Scott* v. *Searles*, 7 S. & M. 498.

*Harris & George*, for the appellee,

1. Cited *Brooks* v. *Lewis*, 1 How. (Miss.) 207; *Pollock* v. *Buie*, 43 Miss. 140; Code 1857, p. 451, art. 106; contending that the so-called final account was not final, and that, even if it was, creditors are not affected by it.

2. More than a year after the executors knew that a judgment had been rendered against them which bound the assets of the estate, and with full knowledge of the consumption of all the other personalty of the estate, they consummated the conversion of the note. The case needs no comment. *Brooks* v. *Lewis*, 1 How. (Miss.) 207; *Ricard* v. *Williams*, 7 Wheat. 59, 117; Adams' Equity, 569, 570; 1 Story Eq. Jur. §§ 543–546, and notes; 16 Ala. 548; 19 Ala. 439; *Ferguson* v. *Scott*, 49 Miss. 503; *McGowan* v. *McGowan*, 48 Miss. 553; 7 How. (Miss.) 95, 96.

CAMPBELL, J., delivered the opinion of the court.

The right of the creditors of a decedent to reach the assets in the hands of personal representatives or other persons holding such assets affected with a trust for the payment of the debts of the decedent, is recognized to the fullest extent; but the question in this case is, whether the property sought to be reached is assets, and that depends on whether it belongs,

in the view of a court of equity, to the estate of Buie, deceased.

The executors of Buie, having charged themselves with the note of the Smiths and East as so much money in their settlement, and the said estate still being indebted to them, and there being no fraud on their part in this respect, the said note was thereby administered, and ceased to be assets of said estate, and was properly prosecuted thereafter for their individual use. Neither the judgment they recovered, nor the land subjected to it and sold, was subject to the demand of the creditor of the deceased Buie. In *Pollock* v. *Buie*, 43 Miss. 140, it was decided that the decree of the Probate Court on the final account of the said executors of Buie did not bar the suit of Pollock (the appellee in this case) against them; but the validity of said settlement of the account of the executors in all respects, except as a bar to actions by creditors, was expressly affirmed. It was certainly lawful for the executors to charge themselves with the amount due by said note of the Smiths and East, and, having done so, the note became theirs. *Searles* v. *Scott,* 14 S. & M. 94; s. p. 28 Miss. 379.

*Decree reversed and bill dismissed.*