### Z. E. NUNNERY, ADMINISTRATOR, v. R. H. DAY.

LIMITATION OF ACTIONS. *Breach of guardian's bond. When the statute begins to run against ward. Principal and surety.*

    The statute of limitations does not begin to run against the ward in favor of either principal or surety for the breach of a guardian's bond by the failure of the guardian to deliver up the estate to the ward on his arriving at the age of majority, as required by ¿ 2107, Code of 1880; until after such guardian has made a final account and settlement of his guardianship with the proper court.

APPEAL from the Chancery Court of Amite County.

HON. LAUCH McLAURIN, Chancellor.

In 1886 the Probate Court of Amite County granted to Samuel O'Neal letters of guardianship of the person and estate of Robert H. Day, then a minor. O'Neal executed a guardian's bond with John H. Nunnery and Joseph Hughes as his sureties. On October 6, 1877, Robert H. Day became of age. Hughes died soon afterward intestate, and no administrator of his estate has since been appointed. On November 11, 1884, Day presented his petition to the chancery court against Samuel O'Neal and John H. Nunnery, setting out the above facts and alleging that his guardian, O'Neal, has failed to faithfully account with the court as to the management of petitioner's estate ; that O'Neal has failed and neglected to deliver up the property of the estate, consisting of personalty alone,

to petitioner as required by law and stipulated in his bond ; that he has failed and neglected to make a final settlement of the guardianship. The petition prays for a final settlement and for a decree against O'Neal and his surety on his guardian's bond, John H. Nunnery, for the amount found to be due petitioner. John H. Nunnery having died after this petition was filed, the suit was revived against Z. E. Nunnery, administrator of the estate of J. H. Nunnery, deceased. The administrator thereupon filed a plea setting up the seven years' statute of limitations. The cause was set down for hearing on the sufficiency of this plea. The Chancellor held the plea insufficient, and the defendant, Z. E. Nunnery, appealed.

*B. F. Johns,* for the appellant.

Under § 2107, Code of 1880, the appellee, Day, had, on the 6th day of October, 1877, the right to demand his property and to put the bond in suit, either at law or in equity as he might elect, for the failure of the guardian on that day to deliver up to the ward all his property was a breach of his bond ; in fact, the very breach now assigned. The statute clearly requires the guardian to deliver up and settle with his ward without any delay, without waiting the slow process of passing his final account through the court. The word *forthwith,* used in the statute, admits of no postponement. Webster defines it to mean, " As soon as can be done, the party laying aside all other business."

The conclusion is that the statute of limitations begins to run upon the ward's arrival at the age of twenty-one years, just as it does against any other right as soon as the party is at liberty to sue. See *Bailey* v. *Fitzgerald,* 58 Miss. 660 ; *Garland* v. *Normon,* 50 Miss. 243.

*B. F. Johns* also argued the case orally.

*T. McKnight,* for the appellee.

I insist that the provisions of § 2107 of the Code of 1880 are to be construed as a whole, and as declaratory of the manner in which the guardian is to denude himself of the trust he holds by obtaining the decree of the court therein provided for that he may " be discharged."

The guardian stands in the attitude of an actor before the court, and is subject to its directions and under its control in the management of the affairs and the performance of the duties which devolve upon him by virtue of the trust which he holds. And it is as much the duty of the court as it is the privilege of the ward to call the guardian to account, and if, when served with notice, emanating directly from the court, to file an account, the guardian would certainly not be heard to plead the statute of limitations and thereby escape an accounting for and delivery of the trust estate, and I can conceive of no distinction as to the right of the guardian to plead the statute of limitations by reason of the source from whence his call to account may emanate.

The statute of limitations is not set in motion until there is a cause of action, and there is no cause of action against a trustee until he has been denuded of his trust, therefore in this case unless the guardian had been denuded of his trust there was no cause of action, and the statute of limitations was never set in motion.

Mere delay on the part of the guardian in settling with the court and securing his discharge is not such a breach of the trust as will set the statute of limitations in motion. (See *Young* v. *Cook*, 30 Miss. 320, and *Cooper* v. *Cooper*, 61 Miss. 676.)

ARNOLD, J., delivered the opinion of the court.

Our statute provides that the powers and duties of a guardian over the person and estate of his ward shall cease and determine when the ward arrives at age or marries, and that in either event the guardian shall forthwith deliver to the ward all the property of every description in his hands belonging to the ward, and that on failure to do so suit may be brought on the guardian's bond. While suit may be brought on the bond of the guardian for failure to comply with the law in this respect, the statute does not relieve him from making final account and settlement with the court, but, on the contrary, it requires that such account and settlement shall then be made. When the ward reaches majority or marries, the functions and authority of the guardian over the person and estate of the ward for the future ends, and his obligation to make final

account and settlement for the past begins and he remains guardian for such purpose, and the statute of limitations does not begin to run in favor of him or the sureties on his bond until this is done. *Alston* v. *Alston,* 34 Ala. 15.

The general rule is that the office of a trustee ceases only with the execution of his trust, and the duty of a guardian as trustee to account and settle continues until he has done so and is discharged by order of the proper court. *Henderson* v. *Winchester,* 31 Miss. 290; *Davis* v. *Chevis,* 32 Ib. 317; *Denson* v. *Denson,* 33 Ib. 560.

In cases of direct technical trusts, such as exist between guardian and ward, the statute of limitations does not run against the *cestui que trust* in favor of the trustee. The relations and privity between them are such that the possession of the trustee is the possession of the *cestui que trust,* and mere neglect of the trustee to perform the trust which he has assumed does not operate as a bar against the claim of the *cestui que trust.* Angell on Limitations, § 166; 2 Perry on Trusts, § 863; *Jordan* v. *McKenzie,* 30 Miss. 32.

The guardian in this case might have been compelled to account, after it became his duty to do so, at the instance of the sureties on his bond as well as by his ward, and the failure to compel the accounting was as much the negligence of the sureties as of the ward. *Newton* v. *Hammond,* 38 Ohio St. 430; *Chapin* v. *Livermore,* 13 Gray 561.

The statute of limitations of seven years would have been no defense to the guardian, and so it was no defense to his sureties.

*The decree is affirmed and the cause remanded for further proceedings.*