## A. J. BARR, EX'X, *v.* W. V. SULLIVAN, ADMR.

1. PLEADING. *Administrator.*

When one, sued as administrator, denies by plea that he is, or was at the commencement of the action, the administrator of the deceased debtor, and the plaintiff replies, averring that defendant had been appointed and had qualified as administrator, but refused to pay the debt in question, though he had sufficient assets and admitted its validity, and that the decedent's estate had never been fully administered, and to this replication, which concludes to the country, there is no rejoinder, the only issue presented by such pleading is whether or not defendant was administrator when sued.

2. SAME. *Discharge. Presumption to the contrary. Code* 1871, § 1166; *code* 1880, § 2069; *code* 1892, § 1950.

The fact that defendant once bore the character of administrator, in which he is sued, affords a presumption of its continuance until the decedent's estate is shown to have been "administered by payment of the debts and the collection of the assets."

3. SAME. *Insufficient evidence of discharge.*

The defendant's statement, as a witness, that a certain attorney "wound up" the estate of his intestate, is not sufficient to show his discharge as administrator.

FROM the circuit court of Lafayette county.
HON. EUGENE JOHNSON, Judge.
The opinion states the case.

*J. W. T. Falkner*, for the appellant.

The only issue in the case was the plea of defendant that he was not administrator at the commencement of the suit. It will be observed that the single plea filed is not one of *plene administravit*, but is one of *ne unques administrator*. The replication denies the fact averred, and joins issue thereon, and although there was not a particle of evidence to sustain the plea,

a peremptory instruction for the defendant was given.    A peremptory instruction in such case was highly improper.    *Swan* v. *Ins. Co.*, 52 Miss., 704; *Carson* v. *Leathers*, 57 *Ib.*, 650.

While there are valid and subsisting debts against an estate, the administrator cannot be legally discharged, except by death, resignation or removal, and though a decree discharging him may have been made, yet the estate is not fully administered as long as there remain debts for which the estate is liable.    To hold the estate still liable, notwithstanding a decree discharging the administrator, subserves the ends of justice, and is in strict accordance with the spirit and policy of the law.    *Pollock* v. *Buie*, 43 Miss., 140; *Allison* v. *Abrahams*, 40 *Ib.*, 747; *Henderson* v. *Winchester*, George's Dig., p. 273.    Even want of notice on the part of the administrator of the existence of the debt would not alone excuse him.    7 Am. & Eng. Enc. L., 318.

The reporter finds no brief for appellee in the record.

CALHOON, Special J., delivered the opinion of the court.

The declaration *in assumpsit*, by appellant, Mrs. Barr, as executrix of the will of R. W. Black, charges that H. M. Sullivan, appellee's intestate, received, as the attorney of her testator, Black, as chancery commissioner, in April, 1876, a claim for collection, and that he collected it and did not pay over.

Appellee's only plea is the special plea in bar, sworn to, that he is not, and was not at the commencement of the action, the administrator of H. M. Sullivan's estate.

Appellant replied that H. M. Sullivan's estate was not fully administered at the commencement of the action; that appellee had been appointed and had qualified as administrator, but had refused to pay this claim, though he had sufficient assets and had full notice of the claim and its validity.    This replication concluded to the country, and there is no rejoinder to it.

There is no other pleading, and so we have the sole issue

whether or not the appellee was administrator, so as to be suable in this action. The court charged the jury peremptorily to find for appellee. There is no plea of the general issue, and so, appellee having relied on the special plea, is bound, like any other litigant, by all the rules of pleading. *Wren* v. *Span*, 1 How. (Miss.), 115. Therefore, the special plea admits that the claim is valid as sued on; that it is not barred by limitation; that it was duly probated and registered, if it was such a claim as required probate and registration, and, if not such a claim, then that the administrator had notice of it, which is sufficient in cases of contingent liabilities not required to be probated and registered; certainly, if the contingency occurred making it an ascertained debt during the term of office of the administrator sued. If the general issue had been pleaded, all of these matters would have been put in issue, with the burden of proof on the plaintiff. Code 1892, § 1923.

It must be observed that there is no plea of no assets or *plene administravit*. The authorities on these questions are collocated in the notes in 8 Am. & Eng. Enc. L., p. 380 *et seq.* Because the only issue was whether the appellee was administrator, we decline now to decide on the correctness of the rulings on the admissibility of the testimony bearing on the question of debt or no debt, though they are of easy solution. The record of administration, however, should have been admitted. It sufficiently appears that appellee was at one time administrator, and this relation to the estate of his intestate is presumed to continue until the estate is "administered by the payment of the debts and the collection of the assets." Code 1892, § 1950; code 1880, § 2069; code 1871, § 1166; *Pollock* v. *Buie*, 43 Miss., 140; *Lear* v. *Friedlander*, 45 Miss., top page 569; *Brasfield* v. *French*, 59 Miss., 640; *Henderson* v. *Winchester*, 31 Miss., 291; *Denson* v. *Denson*, 33 Miss., 560; *Allison* v. *Abrams*, 40 Miss., 747; *Nunnery* v. *Day*, 64 Miss., 457.

There was nothing to show that the administrator was ever discharged, except a loose statement that the estate had been

"wound up," which is not sufficient evidence of proper discharge. Even if formally discharged by decree, he might be sued as such, if, with assets, or having improperly distributed them, he left unpaid debts, probated, or debts not provable under the registration statutes, of which he had notice, ·as abundantly appears from the foregoing authorities. Where an estate is solvent, the administrator must pay its debts. If insolvent, he must have it so declared, and make *pro rata* distribution. It was error to grant the peremptory charge to find for the defendant, and the case is

*Reversed and remanded.*