SWINNEY *v*. THE STATE, 8 Smedes & Marshall, 576.

### LARCENY.

It is not necessary that all the averments in an indictment should be proved as laid, in order to warrant a conviction. The general rule is that every material averment must be proved, yet it does not follow that it is necessary to prove the offense charged to the whole extent as laid. It is enough if so much of a charge be proved as constitutes an offense punishable at law.

Where an accusation includes an offense of inferior degree, the jury may acquit of the higher crime, and convict the defendant of a degree less atrocious.

Upon a conviction of larceny of property of value under twenty dollars, the court has unlimited jurisdiction as to the length of imprisonment, provided it be not less than two years in the penitentiary.

Error to Copiah circuit court.  WILLIS, J.

This was an indictment in the court below, found by the grand jury of Copiah county, at the November term, 1846, against Joel Swinney.  At the same term of the court the prisoner was arraigned, and plead not guilty, and issue joined thereupon he was tried, and the jury returned the following verdict: "We, the jury, find the said defendant, Joel Swinney, guilty, and that he did feloniously take, steal and carry away the saddle in the indictment mentioned, in manner and form as charged in said bill of indictment; and we do assess the value of said saddle to the sum of twelve dollars."

The counsel for the prisoner then moved in arrest of judgment on the following grounds:

1st. Because the jury failed to find whether the prisoner, the said Joel Swinney, was guilty or not of stealing the horse, bridle and blanket, charged in the indictment to have been feloniously taken and carried away by the said Swinney.

2d. Because the jury failed to find the whole issue submitted to them.

The court overruled the motion, and the prisoner excepted. The defendant was sentenced to ten years' imprisonment in the penitentiary.  Whereupon he sued out a writ of error to this court, and assigns the following errors, to wit:

1st. Neither the record nor the caption of the indictment shows from what county the grand jury were taken.

2d. The record does not show of what number the grand jury consisted.

3d. The record does not show that the grand jury were sworn by the court.

4th. The verdict of the jury finds only part of the issue submitted to them, and is so defective that no judgment can legally be rendered upon it.

5th. The sentence to ten years' imprisonment is not warranted by law.

*E. G. Peyton*, for plaintiff in error.

1. Every caption of an indictment that the grand jury were of the county for which the court was holden.  5 Bacon, Abr., 93, (Amer. ed., 1844).  Rex v. Kilderby, 1 Saund. R., 308.  If

the caption does not state that the grand jury are of the county for which the court had jurisdiction to inquire, the whole will be vitiated. 1 Chitty Cr. Law, 327, 333.

2. It must be shown on the face of the record that the bill was found by at least twelve jurors, or it will be insufficient. 1 Chitty Cr. Law, 333; Cro. Eliz., 654; 2 Hale, 167; Hawkins, 126; Falkner's case, 1 Saun. R., 248, note 1. Andr., 230; 5 Bac., 93; State v. Carpenter, 4 How., 163. In the case of Thomas v. State, 5 How. 32, the court say that it is the business of the caption of the indictment to state the jurors by whom it was found.

3. The indictment must in all cases be shown to have been taken on oath, and if this allegation be admitted, the caption cannot be supported, 1 Chitty, 333. It should appear upon the record that the grand jury were sworn by the court. Cody v. State, 3 How., 28.

4. The verdict of the jury must respond to the whole issue or matters in the issue submitted to them, 2 Murphy, 571. The jury may acquit the defendant of part, and find him guilty of the residue, 1 Chitty, 638; Barbour Cr. Treatise, 325. The whole issue must be answered by the verdict, 1 Chitty, 638; Durham v. State, 1 Blackf., 33. As to the incorrectness of this verdict, see 2 East P. C., 516–518; 2 Hale, P. C., 302.

Where the accusation includes an offense of inferior degree, the jury may discharge the defendant of the higher crime and convict him of the less atrocious. Thus upon an indictment for murder, he may be convicted of manslaughter. In Barley's case, Cro. Eliz., 296, upon a charge of murder, the jury found the defendant "not guilty of murder, but that he was guilty of manslaughter." Chitty says that on an indictment for grand larceny, the offense may be reduced to petit larceny. This, however, disposes of the whole issue. But in the case at bar, the indictment charged the defendant below with stealing four distinct articles in one count, and the value of each alleged; and the jury find him guilty as to only one of the articles, and assess the value of it, and say nothing as to the rest. This verdict would not sustain a plea of former acquittal in case the prisoner were again indicted for stealing the same articles; and if it

would not the verdict is so defective, that no judgment could be properly founded upon it.

There are so many instances in which a verdict, taking no notice of aggravation, has been regarded as sufficient, that it does not seem to be necessary at the present day. 1 Chitty, 641. The cases in 9 Coke, 67, and 4 ib., 46, are special verdicts; and Hale says that, where an indictment for felony includes a felony of inferior degree, the jury may acquit the defendant of the higher crime, and find him guilty of the less. 2 Hale P. C., 302; also Stephen's Cr. Law, 313; 27 Law Library, 183. In the case of Rex v. Haynes, 2 Strange, 843, 845, the defendant was indicted for three distinct offenses. 1. For forging a bond; 2. For publishing such forged bond; 3. For publishing a bond knowing it to be forged; and upon the plea of not guilty the jury found that he forged the bond, and that he published the same, but they say nothing as to the third offense. This case clearly shows that a general verdict finding the defendant guilty of forging and publishing a bond, without finding not guilty as to the rest, would have been insufficient. But the verdict being special, the court undertook to give it proper form according to the evidence. Had the verdict been a general one, the opinion of the court shows that no judgment could have been given upon it. It is believed, however, that the court possesses no power at the present day, even upon a special finding, to shape a verdict according to the evidence in the case; it being the province of the jury to find the facts in a special verdict and not the evidence, and of the court to pronounce the law arising upon those facts.

The jury must answer to the whole issue with which they have been charged. Kerr v. Hawthorne, 4 Yeates, 295. If a verdict find only part of what is in issue, it is bad; because the jury have failed in their duty, which was to find all that was in issue. 10 Bac. R., 327 (Amer. Ed., 1846). In an action of trespass, the plaintiff declared for breaking his close, for beating his servant, and for carrying away his goods. The jury found the defendant guilty of breaking the close, but were silent as to the rest. Upon motion in arrest of judgment the verdict was held bad, because it does not find all that is in issue. 10 Bac.,

328. If this be so in a civil case, a *multo fortiori* does it apply in a criminal case. Rex v. Simons, Sayer's R., 36 ; 10 Bac., 328 ; State v. Arrington, 2 Murphy, 571.

A verdict which does not clearly find the whole matter in issue cannot be helped by intendment. Jewett v. Davis, 6 N. H., 518 ; 3 Salk., 372 ; 1 Ld. Raym., 324 ; Graham's Pr., 276 ; Hanly v. Levin, 5 Ohio, 238 ; Patterson v. United States, 2 Wheat., 221 ; 4 Peter Con. R., 100. This court has also decided that a verdict is bad, if it find only a part of that which is in issue ; and no judgment can be rendered upon it. McCoy v. Rives, 1 S. & M., 592. Where the indictment charged a riot and assault, and the jury found " guilty of a riot," this was held a partial finding on the entire count, and, therefore, void. State v. Creighton, 1 Nott & McCord, 256 ; 1 Chitty Cr. Law, 638, note, In the case at bar there was but one count in the indictment. and the verdict is void, as it shows but a partial finding of the jury upon the issues submitted to them in that count. Nothing can be taken by intendment or implication in a criminal case. Highland v. the People, 1 Scam., 394.

5. It was error in sentencing the prisoner to two years' imprisonment in the penitentiary. The legislature could never have intended to punish petit larceny to a greater extent than grand larceny.

*John D. Freeman,* attorney general.

A jury has a right to find part of a count. 1 Chitty Cr. Law, 250–2, and notes, 251, note f. The verdict of the jury was in response to the whole issue. There was but one count, and the charge was grand larceny ; the jury found petit larceny which they had a right to do.

It is true that nothing can be taken by intendment against the prisoner, but all intendments shall be in his favor. The presumption is, that the jury intended to discharge the prisoner of all that part of the count not found ; and this finding in law is an acquittal to that extent. Had there been two counts, one of which the jury had not disposed of, the question would have assumed a different attitude.

The sentence is in accordance with the penitentiary code.

THACHER, J.

The three errors first assigned, to wit: that the record does not show from what county the grand jury were taken, nor of what number of jurors it consisted, nor that the grand jury were sworn by the court, do not seem, from an inspection of the record, to be well taken in point of fact. Those facts are found in the statement of the proceedings prior to the finding of the indictment, the whole of which statement comprises the caption.

The remaining error assigned is, that the verdict of the petit jury finds only part of the issue submitted to them, and is so defective that no judgment can legally be rendered upon it, and that the sentence of ten years' imprisonment in the penitentiary is not warranted by law.

It was an indictment for larceny consisting of but one count, and charging the accused with stealing one saddle horse, of the value of fifty dollars; one saddle, of the value of five dollars; one saddle blanket, of the value of one dollar; and one bridle, of the value of three dollars; all the property of the same individual.

The verdict of the jury was as follows: "We, the jury, find the said defendant, Joel Swinney, guilty, and that he did feloniously steal, take and carry away the saddle in the indictment mentioned, in manner and form as charged in said bill of indictment, and we do assess the value of said saddle to the sum of twelve dollars."

The defendant was sentenced to imprisonment in the penitentiary for the term of ten years.

It is not necessary that all the averments in an indictment should be proved as laid, in order to warrant a conviction.[1] The general rule is, that every material averment must be proved, yet it does not follow that it is necessary to prove the offense charged to the whole extent laid. It is enough if so much of a charge be proved as constitutes an offense punishable by law. In the case of Rex v. Hunt, 2 Campb., 585, Lord Ellenborough says, that it is invariably enough to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified.

[1] John v. State, 24 Miss, 569; 1 Bishop Cr. Law, 850; State v. Coleman, 3 Ala., 14; Naboro v. State, 6 Ala, 200; Weinzorpflin v. State, 7 Blackf., 186; 1 Bishop Cr. Procedure, 837.

The substance of the crime, in this case, is larceny, and this is a substantive offense, although the accused was guilty of stealing but one of the articles laid in the indictment. The finding would have been free from doubt or criticism, had the jury added to their verdict, not guilty of the larceny of the residue of the articles charged in the indictment. 1 Chit. C. L., 638; Durham v. The State, 1 Blackf., 33.

It is well settled also, that where an accusation includes an offense of inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less atrocious. 2 Hale P. C. 302; Hawk. b. 2, c. 47, § 6. The form in which a verdict which thus partially convicts and acquits should be given, has been somewhat contradicted; but it is now put at rest, that it is sufficient if the jury find a verdict of guilty of the inferior offense, and take no notice of the aggravation. 1 Chitt. C. L. 640.

In still later times, a practice has obtained of not requiring a formal finding upon all the issues presented, provided enough be found upon which to warrant judgment against the accused, and of considering a finding of a part of the issues to be the negativing of the rest. In the case of Stoltz v. The People, 4 Scammon's R. 168, the accused was indicted in two counts. The first count charged the accused with keeping a gaming house; and the second with keeping open a tippling house on Sunday. The verdict was guilty on the first count, but no finding on the second. The court said, " It is insisted, that the verdict of the jury was void, and that the court erred in rendering judgment upon it. The general rule is, that the verdict must be as broad as the issues submitted; and it was formerly held, with much strictness, that a failure to find on all the issues vitiated the verdict. The tendency of modern decisions, however, has been to relax the severity of the rule and sustain the verdict, where the intention of the jury can be ascertained. What is the reasonable view to be drawn from this verdict, and the circumstances under which it was rendered? The people prefer two charges of criminal offenses against the defendant; he is arraigned on them and the question of his guilt submitted to the jury for determination. They hear the testimony adduced to substantiate both charges, and find, affirmatively, that he is

guilty of one. Is not the inference irresistible, that the prosecution failed to establish his guilt on the other charge, and therefore the jury find negatively on it? We are of opinion that the verdict should be regarded as an acquittal of the defendant on the second count. If such be the effect of the verdict, he certainly has no right to complain. He can never again be put on trial for the same offense. He has once been put in jeopardy, and the charge against him adjudicated. This reasoning applies still more forcibly to cases where the several issues are embraced in but one court as in the case before us. The doctrine seems equally applicable to every grade of offense, and appears to be a rational deduction or corollary of the established principle, that the finding of the inferior is a discharge of the superior offense, which holds even in indictments for murder.

We have had occasion already at this term, in the case of Wilborne v. The State, ante, 345, to remark upon the distinction existing in this state between grand and petit larceny. By a reference to that case, or to the statutes How. & Hutch., 666, § 13; ib., 700, § 63; ib., 722, 21, it will be observed, that upon a conviction of larceny of property of the value of under twenty dollars, there is an unlimited discretion as to the length of the imprisonment, provided it be not less than two years in the penitentiary. We have nothing to do with the policy of legislation. "Quod scriptum, scriptum."

There being no error in the proceedings, the judgment of the circuit court must be affirmed.