## LAURA *v.* THE STATE, 26 Miss. Rep., 174.

### CONSPIRACY.

The doctrine of merger does not apply to the offense of conspiracy of slaves to murder a white person. Nor was the statute (Hutch. Digest., 983, § 21) which declares "that no person shall be convicted of an assault with intent to commit a crime, or any other attempt to commit an offense, when it shall appear that the crime intended, or the offense attempted, was perpetrated at the time of such assault, or in pursuance of such attempt," designed to apply to this class of cases.

No fact which enters into the essence of the offense, save that of criminal intention, can properly be denominated an assault with intent to commit a crime. It is a separate, distinct offense created and defined by statute.

No person can be subjected to punishment for any offense, unless a conviction be had upon an indictment found by a grand jury of the county in which the offense was committed.

In regard to matters which, by law, should appear in the record, no presumption can be indulged which would either contradict the record or supply a defect. Therefore the record must show that the indictment was regularly found and returned into court, according to law.

Error to De Soto circuit court. MILLER, J.

The plaintiff in error, a slave, was indicted in the court below for conspiracy and plotting, with two other slaves, the murder of John D. Watkins, and was convicted and sentenced to death.

The record contained a copy of the indictment, but it was not referred to as the one upon which the conviction was had, nor did it identify the indictment as a copy of the one returned into court by the grand jury that indicted the prisoner. A motion was made for a new trial but refused by the court below, and the prisoner sued out this writ of error.

*T. W. White,* for plaintiff in error,

*D. C. Glenn,* attorney general.

SMITH, C. J.:

This was a conviction in the circuit court of De Soto upon an indictment framed under the statute concerning slaves, free negroes, and mulattoes. Hutch. Dig., 520.

The following objections are taken to the judgment of the court below, to wit:

1. The record does not show that the indictment on which the prisoner was tried and convicted, was returned into court by the grand jury.

2. The court erred in not quashing the indictment.

3. The court erred in not granting a new trial; and

4. That the court improperly overruled the motion in arrest of judgment.

The second objection is untenable for the reason assigned. There is no ambiguity or uncertainty in the averment charging the prisoner with a conspiracy to murder a free white man.

Nor do we think the fourth exception well taken. It is our opinion that the doctrine of merger does not apply to the offense of which the prisoner was convicted. And further, we think the 'provisions of the 21st section of the statute (Hutch. Dig., 983) which declare "that no person shall be convicted of an assault with intent to commit a crime, or any other attempt to commit an offense, when it shall appear that the crime intended or the offense attempted was perpetrated by the accused person at the time of such assault or in pursuance of such attempt," were not designed to be applied to cases like the one under consideration.

The offense charged in the indictment was neither an assault to commit a crime nor any other attempt to commit an offense. The prisoner was charged with conspiring to murder a free white man. That offense is complete, whenever the acts which constitute it have been performed by the party. No fact which enters into the essence of the offense, save that of criminal intention, can be properly denominated an assault with intent to commit a crime or an attempt to commit an offense. It is a separate, distinct and independent offense, created and defined by statute.

The reason, moreover, fails when the act is applied to a slave charged with an assault with intent to commit murder upon a free white person ; as a bare assault of that character, committed by a slave, is visited with the highest punishment known to the law. In the case of a free white person, the reason upon which the rule was founded is obvious. In case of the conviction of a white person for an assault, with the intention of murdering the party assaulted, the punishment is by confinement in the penitentiary, whereas the consummation of the design, by the party making the assault, would subject him to capital punishment.

It is unnecessary to notice the exception taken to the decision on the motion for a new trial. We will therefore proceed in the last place to notice the first error assigned.

No person can be subjected to punishment for any offense, unless a conviction be had upon an indictment found by a grand jury of the county in which the offense was committed.

The record before us contains no statement which shows, directly and positively, that the indictment under which the trial took place was found and returned into court. This, it is indispensable, the record should show by a distinct statement which establishes the identity of the indictment found by the grand jury with that which is contained in the record. In the case before us this is a question left by the record to be decided by inference. From the known and settled practice of the courts, and the presumption that, in all cases where it is a matter of presumption, their proceedings are regular, we might infer that the indictment in the record was, in fact, found and returned into court by the jury. But in regard to matters which, by law, should appear in the record, no presumption can be indulged which would either contradict the record or supply a defect.

As much as we regret the impunity of crime, arising from the neglect or incapacity of persons engaged in the administration of the law, and as little as we feel disposed to regard objections to form, we are nevertheless bound in cases which, like the present, are of a highly penal character, to enforce with strictness the rules which the laws of the state have imposed.

Let the judgment be reversed, the indictment quashed, and the prisoner remanded to await the future action of the circuit court of De Soto county.