## Mac. Mulligan v. The State of Mississippi.

1. CRIMINAL PROCEDURE.—Judgment of conviction of robbery reversed, because the record did not show the time and place of holding the court, the name of the presiding judge, the organization of the grand jury, the proper return of the indictment into court, nor the presence of the accused when the sentence was pronounced.

ERROR to the circuit court of Bolivar county. SHACK-LEFORD, J.

The opinion contains a statement of the case.

*C. A. Brougher* and *W. T. Deason*, for plaintiff in error.

The record fails to show that the court was held at the time and place required by law. Carpenter v. the State, 4 How. (Miss.) 163 ; Morris' State Cases, 126, 430.

It fails to show the organization of the grand jury, and that the indictment was returned into court as required by law.     30 Miss. 408 ; 31 ib. 421 ; Morris' State Cases, 810, 885, 1752, and notes.

*J. S. Morris,* attorney-general.

TARBELL, J.:

Error to the circuit court of Bolivar county, where the plaintiff in error was indicted, tried and convicted on a charge of robbery.   A reversal of the judgment is asked for errors on the face of the record, in the instructions of the court to the jury, and in overruling a motion for a new trial.

An inspection of the record discloses the following omissions: It does not show the organization of the court; the judge presiding; the place at which it was held ; the organization of the grand jury ; the appointment of foreman; the indorsement and filing of the indictment ; the names of the grand jurors ; that they were sworn and empanelled ; that the indictment was returned into court by the foreman in the presence of at least twelve of the grand jurors; nor that the accused was present in court throughout the trial, particularly when the sentence was pronounced.   8 S. & M. 576 ;  10 ib. 192; 13 ib. 189 ; 4 How. 163 ; 3 S. & M. 518; 3 How. 422 ; 13 S. & M. 286 ; 26 Miss. 174 ; 39 ib. 613 ; 28 ib. 687 ; 5 How. 20 ; 25 Miss. 589.

The crime charged is a very heinous one, and, where clearly established, demands the utmost rigor of the law, yet, in this case, having found the accused guilty of an offense, openly committed and not denied, the jury recommended him "to the extreme mercy of the court." It appears from the record that the brothers Mac. and Dallas Mulligan, in 1871, in broad daylight, armed with deadly weapons, forcibly took from a citizen of Bolivar county, while riding peaceably upon

the public highway, a mule of the value of one hundred dollars and upwards. Upon the trial, though a defiant transgressor, and his guilt, by the record, not involved in doubt, witnesses testified to the orderly and peaceable character of the accused. Evidently, these men deliberately took upon themselves the right to ignore the courts, and, in defiance of law, redress their own supposed wrongs, an assumption striking at the very foundations of organized society, and one to be resisted by every legal appliance. And when evil-doers find the path of violence a hard one to travel, through the loss of the favor and support of the good, crimes and combinations for works of terror will diminish. It is to be regretted that this case depends here upon technical defects in the record, but in this instance they are of a character held by a long series of decisions material to the rights of citizens, and cannot be overlooked at will or caprice.

The judgement is reversed and the cause remanded for further proceedings, for which purpose the defendant will be detained in custody or arrest, subject to the orders of the court where the indictment is pending.