Jordan et al. *v.* M'Kenzie et al.

WILLIAM L. JORDAN et al. *v.* LARKIN T. M'KENZIE et al.

SAME                    *v.* FRANCIS T. LEAK, Executor.
SAME                    *v.* WILLIAM BROWN et al.
SAME                    *v.* DANIEL B. WRIGHT et al.

1. STATUTE OF LIMITATIONS, JOINT ACTION.—It is a well established rule, both in law and equity, that if one of several persons entitled to a *joint* action, be capable of suing *at the time* the cause of action accrued against the defendant, and the suit be not instituted in the time limited by the statute, all the persons so entitled to the joint action, will be barred; for the disability of one or more will not save the right of the others. 7 Cranch, 156; 3 Murph. 577; 1 A. K. Marsh. 39; 2 Ib. 384; 1 Swan, 501.

2. STATUTE OF LIMITATIONS : WHEN CAUSE OF ACTION ACCRUES.—A cause of action accrues to the distributees of an estate, against a purchaser of personal property from the administrator, at an illegal and unauthorized sale, at the time the purchaser takes possession under such sale, and if at that time one or more of the distributees be capable of suing, and others be under age, the Statute of Limitations will commence running against all of them, from the date of such possession.

3. STATUTE OF LIMITATIONS : TRUSTEE AND CESTUI QUE TRUST.—In cases of direct technical trusts, the Statute of Limitations will not run against the *cestui que trust*, in favor of the trustee : such a trust exists between the administrator and distributees of an estate, but it is otherwise as between the distributees and a purchaser of personal property from the administrator.

IN error from the District Chancery Court, at Holly Springs. Hon. Henry Dickinson, vice chancellor.

William L. Jordan and fifteen others, filed their bill in the District Chancery Court, at Holly Springs, against Larkin T. M'Kenzie and others, seeking to recover two slaves, which they alleged belonged to them as distributees of one Andrew C. Jordan, and which had been illegally sold to defendants, by the administratrix of the said Andrew C. Jordan.

They also filed a bill in the same court against Francis T. Leak, executor, and one against William Brown, and one against Daniel B. Wright, for the same purpose. The administratrix, who sold the slaves, was made a defendant in each suit.

The facts in each case are exactly similar, so far as it is neces-

sary to understand the opinion of the court. In all it appeared, that there had been an illegal sale of the slaves sued for, and that such sale took place, and the negroes went into possession of defendants, more than three years before the commencement of the suit. It also appeared at the time of such illegal sale, that one or more of the complainants were of full age, and under no disability to sue. It further appeared, that a part of the complainants were at the time of the sale, under age, and that a part are still minors.

The defence of the Statute of Limitations was set up in each case, together with other defences, not necessary to the understanding of the opinion of the court, to be stated.

*D. Mayes,* for plaintiffs in error.

1. The statute bars actions at law. This is not an action at law, or a suit in chancery to enforce or recover on a legal title, but a bill by distributees, for distribution of their intestate's estate.

2. The defendants are trustees for the distributees. The statute does not run between trustee and *cestui que trust.* The only exception is in cases of implied trust. Courts of equity only adopt the Statutes of Limitations in such cases, and with such modifications as are reasonable; and it is unreasonable here, that the purchasers at administrator's sales, there being no order of sale, should stand in any other situation, than that occupied by the administratrix.

3. The statute only commences running, where the cause of action accrues; our action is for distribution, and no cause of action accrued until final settlement, which has not yet been made, or bond to refund tendered, or if these are not required, until demand of distribution made.

4. Some of the distributees were *femes covert,* some had not attained majority, three years before suit brought, and some remain infants now.

5. As to Rebecca, she was not purchased by King three years before suit brought.

*D. C. Glenn,* for defendants in error.

The complainant, William L. Jordan, came of age in 1842. The

VOL. I.—3

plea of the Statute of Limitations, is a bar to the relief sought by *all* the complainants. Their right of action, if they had any, accrued after one of their number became of age. When a right of action accrues to several, who have a joint right of action, one of whom is free from disability at the time, all will be barred, unless the action be commenced within the time prescribed by the statute. This principle is ably argued, and clearly laid down in a very recent case, by the Supreme Court of Tennessee.

*Wells* v. *Ragland,* 1 Swan, R. 501; see also Angell on Lim. 161; 7 Cranch, 156; 4 Term R. 516; 2 Yerg. 227; 5 Ib. 1; *Ward* v. *Dulany,* 23 Miss. R. 410.

Mr. Justice HANDY, delivered the opinion of the court.

The plaintiffs in error, as distributees of Andrew C. Jordan, deceased, filed their bill in the District Chancery Court, at Holly Springs, against the administratrix of Jordan, and the defendant, M'Kenzie, 'to recover certain slaves belonging to the estate of Jordan, with hire, which the administratrix is alleged to have sold illegally to M'Kenzie. Administration was granted in 1837, and the sale of one of the slaves was made, previous to the year 1839; the other was sold in January, 1846, and both of the slaves came to M'Kenzie's possession when he purchased them.

The bill alleges that all the debts of the estate have been paid, that no final account has been rendered by the administratrix, and that the sureties on her bond are insolvent.

In addition to other grounds of defence, M'Kenzie pleads the Statute of Limitations, of three years, in bar of the relief sought; and the only question which we deem it necessary to consider, is, whether, under the circumstances of the case, the statute was a bar to the complainants' recovery.

It appears, that several of the complainants were minors at the time of filing the bill, but that two others of them were of lawful age, and capable of suing, one in the year 1842, and the other in the year 1846. The question is, therefore, presented, whether, some of the complainants being of full age, and capable of suing, for more than three years before the suit was instituted, the statute is a bar to the suit as to all of them.

It is to be observed here, that the bill claims title to the slaves in controversy, to be in the complainants jointly, the object of the suit not being a distribution of the slaves, or their avails, to and among the complainants by the aid of a Court of Equity, upon the suggestion of the inadequacy of the Probate Court to make such distribution; but a recovery of the slaves, and hire for their use, as the joint property of the complainants. . The bill claims nothing in severalty to the distributees.

This being the attitude of the case, we consider the rule to be well settled, that if·one of several persons entitled to a joint action be capable of suing at the time the cause of action accrued against the defendant, and the suit be not instituted within the time limited by the statute, all will be barred; for the disability of one or more does not save the right of the others. And this rule is held to apply both at law and in equity. *Marsteller* v. *McLean*, 7 Cranch, 156; *Riden* v. *Frion*, 3 Murph. (N. C.) 577; *Dickey* v. *Armstrong*, 1 A. K. Marsh. 39; *Turner* v. *Dehill*, 2 Ib. 384; *Wells* v. *Ragland*, 1 Swan, (Tenn.) 501.

The statute commenced running as to the defendant, M'Kenzie, from the time the slaves came to his possession under his purchase, because until that time, they were in the possession of the administratrix, who held them as trustee, and against her, the statute could not run. It commenced running in favor of the defendant, when he became the purchaser from the administratrix; and as between that time, and the time of filing the bill, more than three years elapsed, the statute was a bar.

But it is said that the statute is not a bar, because M'Kenzie is a trustee for the complainants, and that as between trustee and *cestui que trust* the statute does not apply.

This rule is well settled to be applicable only to direct technical trusts. Such a relation existed between the complainants and the administratrix, but not between the complainants and M'Kenzie, who purchased from the administratrix and holds adversely, and could not be held a trustee, unless by implication, and as to such a trustee, we have frequently held that the Statute of Limitations applies.

We are of opinion that the statute was a bar to the entire action,

and that the dismissal of the bill by the court below, though for a different reason, was not error.

Let the decree be affirmed.