## WEYBURN vs. WHITE.

The right of action to recover back money paid in pursuance of a bet or wager upon a horse race, depends wholly upon the statute, (1 *R. S.* 662, § 9;) no remedy being allowed by the common law.

And the statute limits the right of action to the person who shall pay, deliver or deposit any money, property or thing in action. He cannot assign or transfer such right to an assignee, so as to enable the latter to sue thereon.

MOTION by the defendant for a new trial. The action was brought by the plaintiff as assignee of Louis Barron, to recover the sum of $150, alleged to have been won by the defendant, from Barron, on a bet or wager upon a horse race at Saratoga Springs, in September, 1853. The money was deposited by Barron with a stakeholder, who paid the same to the defendant. The cause was tried at the Monroe circuit in October, 1855, by Mr. Justice JOHNSON. The defendant moved for a nonsuit on the ground that the demand was not assignable, so as to enable the assignee to maintain the action. The judge refused a nonsuit, and directed a verdict for the plaintiff, for $150 *and interest.* The defendant excepted to the ruling as to interest, and to the refusal to nonsuit; and the judge ordered the exceptions to be heard at the general term.

*Benedict & Martindale,* for the plaintiff.

*S. Mathews,* for the defendant.

*By the Court,* T. R. STRONG, J. The revised statutes relating to betting and gaming, (*vol.* 1, *p.* 667, § 8,) declare all wagers, bets or stakes made to depend upon any race, unlawful; and all contracts for or on account of any money or property, or thing in action so wagered, bet or staked, void; and by section nine it is provided that "any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered," &c. The right of action to recover back money

paid in pursuance of such a wager or bet depends wholly on this latter provision; no remedy being allowed by the common law. And the statute being the sole basis of the right to sue, the person specified in it, and to whom the authority is expressly given, alone can maintain the action. It is the person who shall "pay, deliver or deposit any money, property or thing in action," who is in terms authorized to sue, and to him is the authority confined. The liability of the winner, or person to whom the money or property shall be paid or delivered, to an action at the suit of the person paying, delivering or depositing the money or property, is in the nature of a penalty or forfeiture for the benefit of the party aggrieved; and the party aggrieved, only, can enforce it, and in his own name. The right of action will not on his death pass to his personal representatives, nor can he transfer the same to an assignee. (See Dudley v. Mayhew, 3 Comst. 9, 15; Fowler v. Van Surdam, 1 Denio, 557; Bevins v. Reed, 2 Sandf. S. C. Rep. 436.)

The present action cannot therefore be maintained in the name of the plaintiff; and a new trial must be granted, with costs to abide the event.

Cayuga General Term, June 2, 1856. T. R. Strong, Welles and Smith, Justices.]