SEAL *v.* THE STATE, 13 Smedes & Marshall, 286.

### GAMING.

The laws against gaming will not need a strict construction, for the reason that they are remedial and not penal; hence, reasonable certainty is all that the law requires in regard to this offense.

If the contrary does not fully appear from the record, it will be presumed that the grand jury who found the indictment was legally constituted.

The proper manner to take advantage of a defective indictment is by a plea in abatement.

Where the record states that the proceedings took place "in the circuit court of Harrison county, at a regular term thereof begun and held at the court-house of said county in Mississippi city, on the first Monday in March, 1848," it is sufficient.

If a defendant knows of a want of qualification of a juror at the time he is sworn, he waives all objection by failing to challenge him at that time. If he does not know it, he should make an affidavit of the fact on his application for a new trial.

Error to Harrison circuit court. HARRIS, J.

The plaintiff in error was indicted in the court below for gaming, and was found guilty. The other facts of the case fully appear in the opinion of the court.

*R. Seal*, in proper person.

Cited Carpenter v. State, 4 How. 168; H. & H., 490; 5 How., 32; 8 S. & M., 297.

*D. C. Glenn*, attorney general,

Cited 1 Chitty Cr. Law, 388; 3 How. R., 28; S. & M., 598; State v. Friar, 3 How. R., 422.

CLAYTON, J.:

This was an indictment in the circuit court of Harrison county for gaming.

The defendant moved to quash the indictment, because it did not affirmatively appear by the indictment or its caption that the grand jury was properly constituted.

Secondly, because the indictment does not sufficiently describe the term of the court, or the house in which the court was holden.

We may set out with the remark, that the statute provides that all laws against gaming are remedial and not penal; hence, a strict construction will not be applied.

The first objection taken is, that " neither the caption nor the indictment shows with sufficient certainty that the grand jurors were selected and chosen from the county of Harrison." The statement in the caption in this particular is as follows: " The *venire* being returned into court, executed by the sheriff, the following jurors appeared and answered to their names, to wit, etc. Whereupon the following named persons of the same were duly drawn, elected and empanelled, sworn and charged as a grand jury for the term."

In the case of Carpenter v. The State, 4 How., 168, which is relied on in support of the objection, the record states " the grand jurors of the State of Mississippi, duly empanelled, charged and sworn, returned into court," etc. It was held that this might be true, and yet the grand jury might not have been selected from the proper county.

The law requires the assessor, once in every year, to return to the circuit court a list of the freeholders and householders, citizens of the United States, within his county, who are liable to serve as jurors. From this list, the jurors are drawn by lot, either before the circuit court or the probate court, and a *venire* then issues, containing the names so drawn. From those thus summoned, the grand jurors are selected by lot. Hutch. Dig., 886; McQuillen v. The State, 8 S. & M., 597.

Reasonable certainty in the proceedings is all that the law requires in regard to the offense of gaming; there is, at least, that degree of certainty in this case, that the indictment was

found by good and lawful jurors of the county. The *venire*, the service and return by the sheriff of that county, their being empanelled and sworn from the *venire*, exclude all reasonable doubt as to the proper constitution of the jury. These circumstances certainly authorize a presumption in its favor until something improper be shown.

In those cases in this court in which bills of indictment have been quashed on account of objections to some of the grand jury, the want of qualifications in the jurors has been pointed out and made apparent by plea in abatement. McQuillen v. The State, 8 S. & M., 587; Barney v. The State, 12 ib., 72; Kincaid v. The State, M S. Had there been, in fact, any objecttion to the grand jury in this case, it is not unreasonable to suppose that it would have been shown in that mode.

The next objection is, that the indictment does not sufficiently describe the term of the court, or the house in which the court was holden. The record states in its caption that the proceedings took place " in the circuit court of Harrison county, at a regular term thereof, begun and held at the court-house of said county in Mississippi city, on the first Monday in March, 1848." This description is entirely sufficient, and it would be difficult to make it more specific without unnecessary prolixity.

An application was made for a new trial, because one of the jurors who tried the case was an alien. The affidavit of the juror to that effect was read to the court; but there was no affidavit of the defendant that he was ignorant of the fact when the juror was sworn. If the defendant knew of this want of qualification of the juror at the time he was sworn, he waived all objection by failing to challenge him at that time. If he did not know it, he should have made affidavit of that fact, in aid of his application for a new trial. Booby v. The State, 4 Yerg., 112.

How far a failure to make inquiry as to a juror's competency, at the time he is presented, may operate as a waiver of objection, we need not now inquire.

The judgment is affirmed.