CAIN *v.* THE STATE, 13 Smedes & Marshall, 456.

### BETTING ON AN ELECTION.

The statute which requires the clerk to put down the charges given or refused, and make them a part of the record, does not apply to criminal cases, except they are embodied in the bill of exceptions.

The time for the presidential election is fixed by law, and is therefore sufficiently certain, and need not be averred in the indictment.

Where the parties agreed that a present of a coat should be made to the defendant in the event of a certain result of the election, but if otherwise, the defendant was

to make a present of a coat to the other party, and it was in proof that the election was held and the bet paid in money, it was a mere evasion, and is sufficient to justify a verdict of guilty against the defendant.

Error to Franklin circuit court.  POSEY, J.

Dempsey B. Cain was indicted, for betting on an election, in the court below; the indictment contained two counts.  On the first there was a verdict of acquittal; on the second, which charged that the defendant, "on the 1st day of October, 1848, did bet a certain valuable thing, to wit, a certain fine coat, upon the result of a certain election to be holden on the 7th day of November, A. D. 1848, (according to law,) in the State of Mississippi, for six electors for said state to vote for a president and vice-president of the United States of America," he was found guilty.

The substance of the testimony adduced on the trial is as follows:

Willis Byrd testified that he and the defendant did not bet on the result of the election of six electors, but that he promised, in the county of Franklin, on the day charged in the indictment, to make a present to the defendant of a nine or ten dollar coat if Cass got two thousand more votes than Taylor, and if Cass did not get that majority, defendant was to make a present of a nine or ten dollar coat to witness; that he voted for six electors, and that there was an election at which the electors were voted for at Jones's Precinct, where he voted; that Cass and Taylor were candidates for president, and the persons for whom the six electors to be elected were expected to vote; that there was nothing up in the hands of the stake-holder at the time, and that defendant afterwards, in Adams county, paid him nine dollars; that this was in lieu of the present he expected to receive, on account of it being conceded that Cass did not get two thousand votes in the State of Mississippi more than Taylor.  The way it was determined who had the present to pay, was by knowing the majority received by the electors in the state; and there was a dispute about the amount of the present.

The state then introduced a writ of election, directed to the sheriff of that county, directing him to hold an election of six electors for president and vice-president, and proved by the

sheriff that an election was held on the day mentioned in the indictment.

The court gave certain instructions for the state and refused those asked by the prisoner; but the instructions were not embodied in the bill of exceptions, though copied by the clerk into the record.

The defendant moved the court for an arrest of judgment because the indictment did not charge that the election had been holden. This motion was overruled. He then moved for a new trial, which was also overruled. The court fined him twenty dollars and costs, when he sued out this writ of error.

*Cassidy & Sanders*, for plaintiff in error,

Cited Hutch. Code, 951, 953; 1 Chitty Cr. Law, 662; 4 Black. Com. 325; 3 Burr, 901; 1 East, 146; Foster, 194; 3 Inst., 41; 2 M. & S. 386; 2 Leach, 594; 1 Chitty Cr. Law, 382, 114.

*D. C. Glenn*, attorney general.

Insisted that the indictment was sufficiently certain, and the proof conclusive of guilt.

PER CURIAM.

The plaintiff in error was indicted for betting on the election of 1848, for electors for president and vice-president. Several reasons are urged for the reversal of the judgment, which we cannot notice. The statute which requires the clerk to take down the charges given or refused, and make them a part of the record, without bill of exceptions, does not apply to criminal cases. We therefore pass over the alleged error in this particular.

A motion was made in arrest of judgment, because the indictment does not charge that the election was holden. The indictment charges, that the bet was " upon the result of a certain election to be holden on the seventh day of November, in the year of our Lord one thousand eight hundred and forty-eight, according to law in said state, for six electors," etc. The election is provided for and directed to be holden by a public law. The event was therefore sufficiently certain, and it was not necessary to charge that it had occurred. The statute on which

the indictment is founded, is declared to be a remedial, and not a penal statute. The object of this provision must have been to get rid of the general rule, which requires that penal statutes should be construed strictly.

A new trial was moved for on the evidence. It was in proof, that the parties mutually agreed that a present of a coat should be made to the defendant, if the Cass electors obtained a majority of two thousand votes, but if they did not, the defendant was to make the other party a present of a coat. This was mere evasion. It was in proof that the election was afterwards holden, and the bet was paid in money. There is no pretence for holding the verdict to be against law or evidence.

Judgment affirmed.