JOHN B. TIPPIN ET AL. *v.* GEORGE C. COLEMAN.

1. LIMITATION OF ACTION. *Subsequent disability.*
    The statute of limitations having once begun to run against a party is not stopped by a subsequent disability.

2. SAME. *Joint cause of action. When barred as to all.*
    When several have a *joint* cause of action and the statute begins to run as to one not under disability when the cause of action accrues, it runs as to all, and one being barred all are barred. *Jordan* v. *McKenzie,* 30 Miss. 32; *Anding* v. *Davis,* 38 Miss. 574.

3. SAME. *Case in judgment.*
    T. and others were entitled to an estate upon the death of the life tenant. When the life tenant died T. was under no disability but shortly afterward married. Thirteen years intervened between death of life tenant and suit by T. *Held,* that the statute began to run as to T. on the death of the life tenant and was not stopped by the subsequent marriage, and that T. being barred the others were barred.

APPEAL from the Chancery Court of Monroe County.

HON. L. HAUGHTON, Chancellor.

In 1849 one Zachary died, and in his will bequeathed a portion of his estate to Mrs. Julia A. Walton for life and at her death to her children. The husband of Mrs. Walton in 1854 received from the estate of Zachary the sum or three thousand five hundred and eighty-eight dollars and used the same in the purchase of the land in controversy in this case, taking the title in his own name. Mrs. Walton died in 1867, leaving as her heirs a daughter, Mrs. Tippin, the appellant, and Clementius and Lee Walton, children of a deceased son. Mrs. Tippin, the appellant, was unmarried and

twenty-one years of age when her mother, Mrs. Walton, died.   In 1876 Walton sold and conveyed the lands which he had purchased in part with the money which he had received from the estate of Zachary to appellee Coleman.   The appellants filed their bill seeking to charge the land with the amount of the trust funds which were used in its purchase by Walton.   The bill was filed September 27, 1880, and was dismissed upon final hearing in the court below and appellants adjudged to pay the cost.   From this decree this appeal is taken.

*R. Davis*, for the appellants.

1. The right to sue in the cause of action here set out is one of the enumerated causes set out in the Code of 1857, Art. 4, § 2, p. 401.   Here in the hours of the infancy of Mrs. Tippin her father invests money given by will made and executed and probated in the State of Georgia to her mother for life and upon her death to her children, of whom Mrs. Tippin is one. The facts of the bequest and her interest in the property are concealed from her all along through her life, and when she reaches the age of eighteen or twenty years her mother dies, and soon thereafter, still before she is twenty-one, she marries, and is finally confidentially informed of her rights and she at once approaches her father and he confesses and she institutes this proceeding.   No delay, no laches.   The investment and deed to Dr. Walton were fraudulent, and the concealment was a greater fraud.   But before this statute we had many decisions that are conclusive of this question of the statute of limitations. *Young* v. *Cook*, 30 Miss. 320 ; *Cook* v. *Lindsey*, 34 Miss. 451 ; *Wilson* v. *Ivry*, 32 Miss. 233 ; *Edwards* v. *Gibbs*, 39 Miss. 166.

2. The defendants are trustees for the complainant.   The statute does not run between trustee and *cestui que trust*.   *Jordan* v. *McKenzie*, 30 Miss. 32.   If at the time cause of action accrues to several plaintiffs all of them be under disability to sue, the statute of limitations will not commence running until the disability be removed from all.   30 Miss. 264; 5 Yerger 1; 5 Humphries 443; 1 Swan 501; 7 B. Monroe 63.   In this case Miss Tippin was about eighteen years of age at the

date of the death of her mother, and, of course, she was under disability, and before that disability was removed she was married. ' (I don't claim that we can splice.) This being so, the statute would begin to run when the youngest boy was of age. The counsel in the court below ingeniously urged upon the Chancellor the admitted rule that if one of several persons entitled to an action be capable of suing at the time the cause of action accrues, and the suit be not instituted within the time limited by statute, all will be barred. This admitted rule was followed by counsel upon the false assumption that Mrs. Tippin at the death of her mother could have sued and that the statute commenced running as to her, and that, counting from the death of her mother, the bar attaches to her, and of consequence to the minor complainants and that the bar attached to each and all, and he refers to the case of *Anding* v. *Davis*, 38 Miss. 574. This case in nowise changes or alters the law as asserted by this court in former decisions to which I have referred.

*Houston & Reynolds*, for the appellee.

Mrs. Tippin is barred by the limitation of ten years. This bars the suit as to all the appellants. The court decided that as the bill alleged that the appellants were minors at the time their cause of action accrued, that the statute did not commence to run until all were of age. The answer denies this and states that Mrs. Tippin was of age and unmarried at the time of her mother's death, and the testimony shows that the answer is true. Walton testifies that Mrs. Tippin was born in June, 1846, that his wife died in the fall of 1867, and that Mrs. Tippin was married in February, 1868; so Mrs. Tippin was twenty-one years of age when her mother died, and that she did not marry for several months after the death of her mother. Her right to sue accrued at her mother's death, and she states that she had heard all her early life of the investment made of the legacy in Mississippi. The bill was filed September, 1880, thirteen years after Mrs. Walton's death. Then Mrs. Tippin was barred. The rights of appellants are joint, and if at the time the cause of action accrues one of them be under no disability to sue, the statute will commence to run against all of them, and if Mrs.

Tippin is barred so are the other appellants. *Anding* v. *Davis,* 38 Miss. 574; *Masters* v. *Dunn,* 30 Ib. 268.

CAMPBELL, C. J., delivered the opinion of the court.

The evidence shows that Mrs. Tippin was born in June, 1846, and married in February, 1868, and that Mrs. Walton, the life tenant, died in the fall of 1867. Mrs. Tippin was under no disability when the life estate ended, and the right of action to pursue the money accrued then, and the statute of limitations then commenced to run and was not stopped .by her subsequent marriage, and as the suit is barred as. to one of the complainants having a joint right it is barred as to all. *Jordan* v. *McKenzie,* 30 Miss. 32; *Anding* v. *Davis,* 38 Miss. 574. The suggestion of fraudulent concealment of the cause of action so as to prevent the bar of the statute is not sustained.

*Affirmed.*