### MENDOZA v. ROSE.

#### (Supreme Court, Appellate Term. June 23, 1904.)

1. GAMING—MONEY LOST ON BET—RECOVERY—STATUTES—EFFECT.

   The right of the loser in a bet on a horse race to recover the sum lost, in an action for money had and received, given by 1 Rev. St. p. 662, §§ 8, 9 (1 Birdseye's Rev. St. [3d Ed.] pp. 299, 300), is not affected by Laws 1895, p. 377, c. 570, § 17, imposing an exclusive penalty on a person making a bet on certain race courses.

2. SAME.

   Laws 1895, p. 377, c. 570, § 17, imposing an exclusive penalty on a person making a bet on certain race courses, has no application to a bet made elsewhere than on such race courses, and does not, by implication, repeal 1 Rev. St. p. 662, §§ 8, 9 (1 Birdseye's Rev. St. [3d Ed.] pp. 299, 300), authorizing the recovery of money, etc., bet on any race, chance, or unknown event whatever.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Harry Mendoza against Joseph Rose. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Martin Dolphin (Joseph Folliard Perdue, of counsel), for appellant.

Nicoll, Anable & Lindsay (De Lancey Nicoll and Archibald R. Watson, of counsel), for respondent.

SCOTT, J. Plaintiff, having bet $100 upon a horse race, and lost, sues to recover back his money. His action was dismissed upon the ground that it was to recover a penalty or forfeiture imposed by statute, and therefore, under section 983 of the Code of Civil Procedure, should have been brought in Kings county, wherein the cause of action arose. This disposition of the case was made upon the theory that the plaintiff's only right to recover was to be found in section 17, c. 570, p. 377, of the Laws of 1895, commonly known as the "Percy-Gray Racing Law," which imposes upon a person making or recording a bet or wager upon certain race courses liability to a civil action, at the hands of the person betting with him, for the amount of the wager, which liability is expressly denominated a penalty, and is declared to be exclusive of all other penalties prescribed by law for the acts specified in the section. If, as the respondent insists, the only right to recover a sum staked upon a horse race is to be found in the section cited, it is clear that the action is for a penalty, and that the decision below was

right. The appellant, on the other hand, maintains. that he still has the right to sue under sections 8 and 9, 1 Rev. St. p. 662 (Birdseye's Rev. St. [3d Ed.] vol. 1, pp. 299, 300), which read as follows:

"Sec. 8. All wagers, bets or stakes made to depend upon any race or upon any gaming by lot or chance, casualty or unknown or .contingent event whatever, shall be unlawful. All contracts for or on account of any money or property or thing in action so wagered, bet or staked shall be void.

"Sec. 9. Any person who shall pay, deliver or deposit any money, property or thing in action upon the event of any wager or bet herein prohibited may sue for and recover the same of the winner or person to whom the same shall be bet or delivered and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over to such stakeholder or not, and whether any such wager be lost or not."

These sections have never been expressly repealed, but the respondent's contention is that they have been impliedly repealed by so much of section 17 of the act of 1895 as provides that the penalty therein specified shall be exclusive of all other penalties. Whether this position is well taken or not depends upon the question whether or not the remedy given by the Revised Statutes is in the nature of a penalty or of a recovery upon a quasi contract. This very question was presented to and passed upon by the Court of Appeals in Meech v. Stoner, 19 N. Y. 26. In that action, which was for money lost in gaming, the plaintiff was an assignee of the loser, and the defendant relied upon the nonassignability of the cause of action. The plea was rejected, the court holding that the loser's right of action rested upon the illegality of the transaction by which the loser's money passed into the possession of the winner, and the absence of any just or legal title in the defendant to the thing or money in controversy. And it was pointed out quite clearly that the section authorizing an action to be brought did not create the right to recover, but merely removed the bar which otherwise would have been found in the application of the maxim, "In pari delicto potior est conditio defendentis." The court cites and relies upon a number of English cases decided under the statute of 9 Anne (from which the section of our Revised Statutes is copied), in all of which it was held that the statute was remedial, not penal, and that the right of action rested upon the plaintiff's continued ownership of the title to the money or property wagered, notwithstanding its delivery or payment over to a stakeholder or the other party to the bet. As further illustrating the distinction between the recovery of the money by the loser as a remedy and its recovery by the overseers of the poor in case the loser does not sue within three months, as permitted under section 15 of the same statute, the court points out that the latter action is not for the same cause as the other, but is for a penalty intended to repress the vice of gambling. Weyburn v. White, 22 Barb. 82, relied upon by appellant, was necessarily overruled by Meech v. Stoner. The right of action provided in section 17 of the act of 1895 is evidently and essentially punitive in its nature. By its very terms it imposes a penalty for doing a forbidden thing, and what it seeks, or professes to seek, to accomplish is to provide a punishment for the wrong done to the people of the state by a violation of its laws—quite a different thing from the wrong done to the individual

by the acquisition of his property through unlawful means. There is nothing opposed to this view in People ex rel. Sturgis v. Fallon, 152 N. Y. 1, 46 N. E. 302, 37 L. R. A. 419. It is true that in the opinion in that case the learned judge who wrote for the court said that the action authorized by section 17 was the "exclusive remedy" for the acts specified in that section, but a careful reading of the opinion will readily show that he was considering only the public offense involved in the commission of those acts, for in the very next sentence he speaks of the acts of the relator as being "punishable" only in the manner prescribed by section 17. Our conclusion is that the right of a loser upon a betting contract to recover the sum lost in an action as for money had and received still survives, and is in no wise affected by section 17 of the act of 1895. If so, this action was not for a penalty, and could properly be brought in this county.

For another reason the judgment must be reversed. The cause was dismissed upon the pleadings before any testimony had been offered. Section 17 of the act of 1895 does not apply to every race course in the state, but only to wagers made "upon any race course authorized by or entitled to the benefits of" the act. The preceding sections of the act contain elaborate provisions as to how corporations or associations may become entitled to those benefits. Certainly as to a bet made elsewhere than upon such a race course section 17 of the act had no application, and therefore could not be held to have repealed by implication the sections quoted from the Revised Statutes, which are general in their scope, and apply to all wagering contracts. Neither in the complaint nor answer is there any allegation that the bet upon which the action was based was made upon a race course authorized by or entitled to the benefits of the act of 1895. There was consequently nothing before the justice to show that section 17 of that act applied to the case.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

