(98 App. Div. 326)

## MENDOZA v. LEVY.

(Supreme Court, Appellate Division, Second Department. November 23, 1904.)

1. GAMING—HORSE RACING—RECOVERY OF MONEY BET—COMPLAINT.

Where a complaint to recover money bet on a horse race alleged that the bet was made with the defendant and the money delivered to him on the race course of a domestic corporation organized under the laws of the state, it stated a cause of action for money had and received under 1 Rev. St. p. 662, §§ 8, 9, authorizing the recovery of wagers, and not for a penalty imposed for betting on horse races by Laws 1895, p. 370, c. 570.

2. SAME—STATUTES—APPEAL.

The Percy Gray Racing Law (Laws 1895, p. 377, c. 570, § 17), providing a penalty for betting on horse races, did not repeal by implication 1 Rev. St. p. 662, §§ 8, 9, authorizing the recovery of money wagered.

3. SAME—DEMAND.

A demand for the return of money wagered on a horse race is not a prerequisite to an action to recover the same, as authorized by 1 Rev. St. p. 662, §§ 8, 9.

Appeal from Municipal Court of New York.

Action by Harry Mendoza against George Levy. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Martin Dolphin, for appellant.

George A. Steves (De Lancy Nicoll, on the brief), for respondent.

HIRSCHBERG, P. J. The plaintiff sues to recover the sum of $100, which he bet and lost upon a horse race. It is alleged in the complaint that the bet was made with the defendant, and the money delivered to him, on the premises or race course of the Coney Island Jockey Club, known as the "Sheepshead Bay Race Track." It is further alleged that the Coney Island Jockey Club is a "domestic corporation duly incorporated and existing under the laws of the state of New York," but there is no allegation that it is incorporated under the act commonly known as the "Percy Gray Racing Law" (chapter 570, p.

¶ 3. See Gaming, vol. 24, Cent. Dig. § 87.

370, Laws 1895), or that the race course referred to is authorized by the provisions of or entitled to the benefits conferred by that act. The act is not set forth or referred to in the complaint.

The plaintiff's cause of action cannot be regarded as one brought to recover the penalty given by section 17, p. 377, of that act, which as a penalty is declared by the terms of the act to be exclusive. It is an action for money had and received, brought pursuant to the provisions of sections 8 and 9, 1 Rev. St. p. 662 (1 Birdseye's Rev. St. [3d Ed.] pp. 299, 300). By section 8 all wagers or bets of the kind in question are declared to be unlawful, and all contracts for or on account of any money wagered, bet, or staked are declared to be void. Section 9 provides that:

"Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not."

The right of action given by this section is not in the nature of a penalty. The provision is remedial, and not penal (Meech v. Stoner, 19 N. Y. 26, 30; People v. Stedeker, 175 N. Y. 57, 62 [67 N. E. 132]; Mendoza v. Rose, 44 Misc. Rep. 241 [88 N. Y. Supp. 938]), and is therefore not repealed by implication by the penalty declared in section 17, p. 377, of the act of 1895, supra.

No demand for a return of the money was required before the bringing of the action. Ruckman v. Pitcher, 1 N. Y. 392; Id., 20 N. Y. 9, 11.

The complaint contains all the facts necessary to the maintenance of an action under the Revised Statutes, and the judgment sustaining the demurrer should be reversed.

Judgment of Municipal Court sustaining demurrer to complaint reversed, with costs, and demurrer overruled. All concur.