SKINNER MFG. CO. *v.* DEPOSIT GUARANTY BANK.

(Division B.   April 20, 1931.   Suggestion of Error Overruled May 25, 1931.)

[133 So. 660.   No. 29384.]

Lemuel H. Doty, of Jackson, for appellant.

M. A. Pilgrim, of Jackson. for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant sent its check for seventy-five dollars to its employee, one Pirtle. The latter lost the check in a poker game, and thereupon indorsed and delivered it to the supposed winner, one Smith. The latter owed a Mrs. Fairchild for borrowed money, and delivered the check to her in part payment thereof, and Mrs. Fairchild upon her indorsement cashed the check in appellee bank, the bank knowing nothing of the facts above stated. Having ascertained, as he asserts, that the poker game was what is commonly called, in the vernacular, crooked, Pirtle wired appellant to stop payment, which was accordingly done; and appellee bank sued the said maker to recover the amount paid out by appellee in cashing the check, and secured a decree for the amount.

Under section 1824, Code 1930, and under the rules of interpretation thereof, as required by section 972, being the leading sections on gambling transactions, the transfer of the check by Pirtle to Smith was utterly void, and was no more effective to pass title than if the check had been stolen. Therefore no title passed to Mrs. Fairchild, nor through her to the bank. Consequently, the latter must look to Mrs. Fairchild for its money. 3 R. C. L., p. 1020.

This question has been settled by the opinion in Elkin Henson Grain Co. v. White, 134 Miss. 203, 98 So. 531. Evidently this decision was not called to the attention of the learned chancellor, since it was not cited in the briefs here.

Reversed, and bill dismissed.