SAMUEL GALTROF, Plaintiff, *v.* ABRAHAM LEVY, Defendant.*

City Court of New York, Special Term, Bronx County, July 19, 1940.

---

*Michael E. Rosenstein*, for the plaintiff.

*Henry Kane*, for the defendant.

DONNELLY, J. Where, as at bar, the motion to vacate the warrant of attachment is based on the original papers upon which the warrant was granted, the truth of all the facts must be assumed; whether plaintiff will ultimately succeed is not the question. (*United States* v. *Brown*, 247 N. Y. 211, 217.)

The action is brought to recover moneys bet on horse races by plaintiff with defendant, a " professional gambler."

In the brief submitted herein on behalf of the movant, the sole reason given for the motion is, that the action set forth in the complaint does not come within any of the provisions of section 902 of the Civil Practice Act. The pertinent parts of the statute in question, are:

" A warrant of attachment  *  *  *  may be granted  *  *  * where the action is to recover a sum of money only, as a tax or as damages for one or more of the following causes:

" 1. Breach of contract, express or implied  *  *  *.

" 3. An injury to person or property in consequence of  *  *  * or other wrongful act."

The action is based upon section 994 of the Penal Law, under the provisions of which any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not.

No point is made by either of the parties to this motion, as to whether or not plaintiff's right to sue and recover *all* of the moneys he delivered to defendant, is affected by the statute legalizing pari-mutuel betting on horse races, section 24 of which preserves unimpaired any right accruing or liability incurred prior to the time the act took effect. (Laws of 1940, chap. 254; became a law March 31, 1940.)

The right of action given by section 994 of the Penal Law is not in the nature of a penalty. The provision is remedial and not penal. (*Mendoza* v. *Levy*, 98 App. Div. 326, 327; *Stuart* v. *Grattan*, 217 id.

336, 337.)   In *People* v. *Stedeker* (175 N. Y. 57, 62) it was stated: " Both decisions (*Meech* v. *Stoner*, 19 N. Y. 26; *Ruckman* v. *Pitcher*, 20 N. Y. 11) proceeded on the ground that the statute was remedial, not penal; that the statute having made wagers void, the loser never parted with the title to his money and that the suit was to recover only his own." The language just quoted aptly portrays the situation at bar. When plaintiff gave his money to defendant, he did not part with his title to it; his action is for money had and received. (*Mendoza* v. *Levy*, 98 App. Div. 327; *Stuart* v. *Grattan*, 217 id. 337.)

Plaintiff's action is based upon defendant's wrongful act, *i. e.*, the act of receiving plaintiff's money for wagers on horse races. The action is thus within the purview of subdivision 1 of section 902 of the Civil Practice Act. The action being one for money had and received, the law creates or implies the promise to pay it back and an action of assumpsit will lie to enforce this liability on the basis of the fictitious promise. The action is technically called an action for money received by the defendant for the use of the plaintiff, or an action for money had and received. (Shipman, Common Law Pleading [3d ed.], p. 162.)

Among the original papers upon which the warrant of attachment was granted, are three affidavits: (1) Alleging statements by the defendant to the effect that he would fix plaintiff by getting out of New York and going to New Jersey so that plaintiff " will never know where I am or where to find me;" (2) " he [plaintiff] will never get a dime. I [defendant] am going to transfer everything to my wife;  *  *  *  I'll fix it so he won't be able to collect a button;" (3) " by the time he [plaintiff] is in a position to collect some money from me, I [defendant] won't have a dime; I'll turn over everything I own to my wife, I know a little about the tricks of the trade." Upon these affidavits, sufficient grounds existed for the issuance of the warrant of attachment. (Civ. Prac. Act, § 903, subd. 3; *Adam Hat Stores, Inc.*, v. *Lang*, 155 Misc. 587.)

Motion denied.