**WEINSTEIN et al. v. SEA VIEW, Inc. et al.**

No. 13231.

United States Court of Appeals Fifth Circuit.

April 13, 1951.

Ebb J. Ford, Jr., Gulfport, Miss., Albert Sidney Johnston, Jr., W. L. Guice and Jacob D. Guice, Biloxi, Miss., for appellants.

R. W. Thompson, Jr., Gulfport, Miss., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suit of the minor children of Emanuel Weinstein, by their guardian, was for the recovery, under Section 24, Mississippi Code of 1942,[1] of the claimed gambling losses of their father.

The claim of the minors was: that the defendants constituted a gambling syndicate and joint enterprise operating the Broadwater Beach Hotel as a gambling establishment equipped with lounges, bar rooms and dance halls, crap games, roulette and other gambling gear; that their father, to his and plaintiffs' ruination, had there squandered and gambled away to and for the benefit of defendants, large sums of money aggregating $83,959.

The defenses were (1) an exception to, and a denial of the claim; (2) the statutes of limitation of one and three years; (3) that the sums sued for passed to and became an asset of the bankrupt estate; and (4) that the invoked statute is unconstitutional.

After Emanuel Weinstein had testified by deposition, and Coopers, Inc., a creditor of Weinstein, had sought to intervene and its intervention had been denied without prejudice, defendants moved, under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A., for a summary judgment dismissing the claim because barred by Section 731[2] and by Section 729,[3] Mississippi Code of 1942.

Plaintiff, urging that Section 24 is a remedial and not a penal statute, that the applicable limitation is to be found in Section 722[4] of the Code, and further that under Sec. 738,[5] whatever statute is applicable, the bar had not fallen as to the minors because their disability had prevented the running of the statute, resisted the granting of the motion.

The district judge, however, setting down in a carefully prepared opinion his reasons for doing so, found with the defendant: that the statute authorizing the suit was not remedial but penal; that Section 731, the one year statute of limitation, was,

1. "Loser may sue and recover money or property lost.—If any person, by playing at any game whatever, or by betting on the sides or hands of such as do play at any game, or by betting on any horse-race or cock-fight, or at any other sport or pastime, or by any wager whatever, shall lose any money, property, or other valuable thing, real or personal, and shall pay or deliver the same or any part thereof, the person so losing and paying or delivering the same, or his wife or children, may sue for and recover such money, property, or other valuable thing so lost and paid or delivered, or any part thereof, from the person knowingly receiving the same, with costs: Provided that this and the two preceding sections shall not apply to contracts for future delivery which are valid under succeeding sections of this chapter."

2. "Action for penalty commenced in one year.—All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after."

3. "Actions to be brought in three years.—Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

4. "Actions to be brought in six years.—All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

5. "Saving in favor of those under disabilities.—If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed; but the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one years."

therefore, applicable; and that, under the authority of Tippin v. Coleman, 61 Miss. 516, Jordan v. McKenzie, 30 Miss. 32, and Anding v. Davis, 38 Miss. 574, the action given by the statute being joint, limitation, having commenced to run against the father, was not tolled by the children's minority. He gave judgment accordingly, and plaintiff has appealed.

Here, urging upon us, as he did below, that the applicable period of limitation is six years, fixed by Section 722, and, further, that, whatever may be the applicable statute, their minority, under the provisions of Section 738, invoked below, and an additional Section, 750,[6] invoked here as declaring a rule the contrary of that laid down in the cases cited by the district judge, plaintiff insists that the judgment was erroneous and must be reversed.

▌ We agree with appellant: that Art. 24, the statute under which the suit is brought, is not penal but remedial; that the suit is not for a penalty, nor is it one upon open account or upon an oral contract, express or implied; that it is a suit upon a statute and that the applicable period of limitation is therefore neither one year, as provided in Sec. 731, nor three years, as provided in Sec. 729, but six years, as provided in Sec. 722;[7] and that the complaint is therefore not barred as to any of the sums sued for.

While the precise statute sued on does not seem to have been construed by the Mississippi courts in a suit for the recovery of moneys lost at gambling, and we are therefore without precise guidance from them, Section 2202,[8] the Mississippi decisions construing it,[9] and the cases of Metzger v. Joseph, 111 Miss. 385, 71 So. 645, and Rather v. Moore, note 7 supra, in their reasoning and philosophy, leave us in no doubt that under Mississippi law, Section 24, under which this suit is brought, is not a penal but a remedial statute, and that Sec. 721 is, and Sec. 731 is not, applicable.

The cases cited by the district judge[10] were cases in which the suits were brought by third persons and not, as here by the persons injured, and the distinction between the two situations is clearly drawn in the Massachusetts case.

▌ The whole current of the authorities,[11] textbook and decisional, supports the view that where, as here, the statutory action afforded is not a recovery by a third person of a penal sum but is a recovery by the person injured of the amount of the injury, the statute is not penal but remedial.

This distinction is clearly stated and as well supported by authority in Bowles v. Farmers National Bank of Lebanon, 6 Cir., 147 F.2d 425, 428.

▌ Because, as set out above, we have held that the six year is the applicable statute of limitation and none of the claims are barred, a determination of appellants' additional point, that, by Section 750, the running of the statute is tolled, is not neces-

6. "Bar of statute of limitations against one does not affect another jointly interested.—In all cases where the interests are joint, one shall not be barred because another jointly interested is, but the statute of limitations provided in this chapter shall be severally applied, and not jointly, to the right of actions, in whatever cause, pertaining to each of all the parties, though jointly interested."

7. Rather v. Moore, 179 Miss. 78, 173 So. 644.

8. "Gambling-laws remedial, not penal.—All laws made or to be made for the suppression of gambling or gaming, are remedial and not penal statutes, and shall be so construed by the courts."

9. Seal v. State, 13 Smedes & M. 286; Cain v. State, 13 Smedes & M. 456; Skinner Mfg. Co. v. Deposit Guaranty Bank, 160 Miss. 815, 133 So. 660.

10. Cole v. Graves, 134 Mass. 471; In re Barker, 56 Vt. 14.

11. Huntington v. Attrill, 146 U.S. 657, 13 S. Ct. 224, 36 L.Ed. 1123; Bowles v. Farmers National Bank, 6 Cir., 147 F.2d 428; Cole v. Graves, 134 Mass. 471; Sullivan v. Associated Bill Poster, 2 Cir., 6 F.2d 1000, 42 A.L.R. 503; Galtrof v. Levy, 174 Misc. 489, 21 N.Y.S.2d 455; 1 Am. Jur., Actions, 431–439; 24 Am.Jur., Gaming & Prize Contests, Sec. 81; Rather v. Moore, 179 Miss. 78, 173 So. 664; Cf. Southern Package v. Walton, 194 Miss. 573, 18 So.2d 458; where the distinction between penal and remedial action is clearly drawn.

sary, and since it is a matter of State law and we are pointed to no Mississippi decision construing the invoked statute, we will not undertake to construe it.

It is sufficient for us to hold that the complaint states an enforceable cause of action which is not in any respect barred, and that the judgment dismissing it as barred must be reversed and the cause remanded for further and not inconsistent proceedings. In view of the fact that the motion of Coopers, Incorporated, the creditor of the bankrupt, which sought unsuccessfully to intervene below was not denied with prejudice, but without prejudice, and with leave to refile and renew the motion after rendition of judgment, it is not necessary for us to decide whether, if it elects to refile, its motion should be granted or denied. It is sufficient to say that this reversal is without prejudice to its again filing and pressing a motion for leave to intervene.

Reversed and remanded.